# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| KARINA GARCIA, MARIA MATA, CHLOE BROOKS, ANITA TREVINO, KARLENE CARPENTER, TANISHA WILLIAMS, SAMUEL TORRES, MARLENE BURCH, ROZEPHYR JEAN, Individually and on Behalf All Others Similarly Situated, | ) ) ) ) ) ) ) ) ) ) | CASE NO: 18-cv-00621-MAC |
| Plaintiffs, | ) ) | AMENDED COMPLAINT AS TO KARINA GARCIA, MARIA MATA, CHLOE BROOKS, ANITA TREVINO, KARLENE CARPENTER, TANISHA WILLIAMS, SAMUEL TORRES, MARLENE BURCH, ROZEPHYR JEAN, Individually and on Behalf of All Others Similarly Situated |
| vs. | ) ) ) | |
| WILLIS STEIN & PARTNERS, L.L.C., MONROE CAPITAL, LLC, EDUCATION CORPORATION OF AMERICA, VIRGINA COLLEGE, LLC, BRIGHTWOOD COLLEGE, BRIGHTWOOD CAREER INSTITUTE, VIRGINIA COLLEGE, ECOTECH INSTITUTE, STUART C. REED, AVY HOWARD STEIN, THEODORE KOENIG, JACKIE BAUMANN, AND ERIN SHEA | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

COME NOW, Karina Garcia, Maria Mata, Chloe Brooks, Anita Trevino, Karlene Carpenter, Tanisha Williams, Samuel Torres, Marlene Burch, and Rozephyr Jean, Plaintiffs,

Individually and On Behalf of all Others Similarly Situated, and would respectfully show unto the Court as follows:

1.      Plaintiffs Karina Garcia, Maria Mata, Chloe Brooks, Anita Trevino, Karlene Carpenter, Tanisha Williams, Samuel Torres, Marlene Burch, and Rozephyr Jean (collectively "Plaintiffs"), by and through their attorneys, bring this action individually on behalf of themselves and all others similarly situated against Willis Stein & Partners, L.L.C., Monroe Capital, LLC, Education Corporation of America, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Stuart C. Reed, Avy Howard Stein, Theodore Koenig, Jackie Baumann, and Erin Shea (collectively "Defendants").

## I. PARTIES

2.      Karina Garcia is an individual citizen of Texas residing in Jefferson County, Texas.

3.      Maria Mata is an individual citizen of Texas residing in Jefferson County, Texas.

4.      Chloe Brooks is an individual citizen of Texas residing in San Patricio County, Texas.

5.      Anita Trevino is an individual citizen of Texas residing in Merced County, California.

6.      Karlene Carpenter is an individual citizen of Texas residing in San Diego County, California.

7.      Tanisha Williams is an individual citizen of Texas residing in Philadelphia County, Pennsylvania.

8.      Samuel Torres is an individual citizen of Texas residing in Denver County, Colorado.

9.      Marlene Burch is an individual citizen of Texas residing in Bexar County, Texas.

10.     Rozephyr Jean is an individual citizen of Texas residing in Jefferson County, Texas.

11.     Willis Stein & Partners, L.L.C. is a private equity firm that owns Education Corporation of America.  Defendant Willis Stein & Partners, L.L.C. is an Illinois company with its principal

place of business in Chicago, Illinois and may be served with process by serving its registered agent: National Registered Agents, Inc. at 200 West Adams Street in Chicago, IL 60606. Plaintiffs' are requesting a waiver of summons.

12. Monroe Capital, LLC is a private credit asset management firm with its principal place of business in Chicago, Illinois and may served with process by serving its registered agent: The Corporation Trust Company at 208 South LaSalle Street, Suite 814 in Chicago, IL 60604. Plaintiffs' are requesting a waiver of summons.

13. Education Corporation of America is a Delaware corporation with its principal place of business in Birmingham, Alabama, and which does business within the State of Texas. Education Corporation of America may be served with process by serving its Chief Executive Officer at Education Corporation of America's corporate headquarters at 3660 Grandview Parkway, Birmingham, Alabama 35243. Plaintiffs' are requesting a waiver of summons.

14. Virginia College, LLC is an Alabama corporation with its principal place of business in Birmingham, Alabama, and which does business within the State of Texas. Virginia College, LLC may be served with process by serving its registered agent in Texas, as follows: National Registered Agents, Inc. located at 1999 Bryan St., Suite 900 in Dallas, Texas 75201. Plaintiffs' are requesting a waiver of summons.

15. Brightwood College, a wholly-owned subsidiary of Education Corporation of America, offered diploma and associate degree programs at over thirty (30) campuses across the United States of America. Brightwood College may be served with process by serving its Chief Executive Officer at Education Corporation of America's corporate headquarters at 3660 Grandview Parkway, Birmingham, Alabama 35243. Plaintiffs' are requesting a waiver of summons.

16. Virginia College, a wholly-owned subsidiary of Education Corporation of America, offered diploma and associate degree programs in over thirteen (13) states across the United States of America. Virginia College may be served with process by serving its Chief Executive Officer at Education Corporation of America's corporate headquarters at 3660 Grandview Parkway, Birmingham, Alabama 35243. Plaintiffs' are requesting a waiver of summons.

17. Brightwood Career Institute, a wholly-owned subsidiary of Education Corporation of America, offered diploma and associate degree programs in the United States of America. Brightwood Career Institute may be served with process by serving its Chief Executive Officer at Education Corporation of America's corporate headquarters at 3660 Grandview Parkway, Birmingham, Alabama 35243. Plaintiffs' are requesting a waiver of summons.

18. Ecotech Institute, a wholly-owned subsidiary of Education Corporation of America, offered diploma and associate degree programs in the United States of America. Brightwood Career Institute may be served with process by serving its Chief Executive Officer at Education Corporation of America's corporate headquarters at 3660 Grandview Parkway, Birmingham, Alabama 35243. Plaintiffs' are requesting a waiver of summons.

19. Avy Howard Stein is the Chief Executive Officer and Managing Partner of Defendant Willis Stein & Partners. Avy Howard Stein can be served with process through Willis Stein & Partners' registered agent: National Registered Agents, Inc. at 200 West Adams Street in Chicago, IL 60606. Alternatively, Avy Howard Stein can be served with process through Cresset Capital Management, LLC's registered agent: National Registered Agents, Inc. at 208 South LaSalle Street, Suite 814 in Chicago, IL 60604. Plaintiffs' are requesting a waiver of summons.

20. Theodore Koenig is the President and Chief Executive Officer of Defendant Monroe Capital, LLC. Theodore Koenig can be served with process through Monroe Capital, LLC's

registered agent: The Corporation Trust Company at 208 South LaSalle Street, Suite 814 in Chicago, IL 60604. Plaintiffs' are requesting a waiver of summons.

21.     Stuart C. Reed is the Chief Executive Officer of Defendant Education Corporation of America. Stuart C. Reed can be served with process at Education Corporation of America's corporate headquarters at 3660 Grandview Parkway, Birmingham, Alabama 35243. Plaintiffs' are requesting a waiver of summons.

22.     Jackie Baumann is the Assistant Vice President of Education Corporation of America's Human Resources department and can be served with process by serving Education Corporation of America's corporate headquarters at 3660 Grandview Parkway, Birmingham, Alabama 35243. Plaintiffs' are requesting a waiver of summons.

23.     Erin Shea serves as Senior Vice President of Career Services at Education Corporation of America and can be served with process by serving Education Corporation of America's corporate headquarters at 3660 Grandview Parkway, Birmingham, Alabama 35243. Plaintiffs' are requesting a waiver of summons.

## II.  JURISDICTION & VENUE

24.     This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005, Title 28 U.S.C. Section 1332(d)(2) ("CAFA"), as to the named Plaintiffs and every member of the Class, because (1) the proposed Class contains over 100 members; (2) members of the proposed class reside across the United States and are therefore diverse from Defendants; and (3) the claims of the putative Class Members exceed $5,000,000 in the aggregate.

25.     This Court has personal jurisdiction over Defendants in Texas under, *inter alia*, the "specific jurisdiction" test because Defendants have intentionally availed themselves of the protection of Texas laws by doing business within Texas, have the requisite minimum contacts

with Texas, and because the claims made the basis of this lawsuit arise from Defendants' business activities – namely the sale of educational and vocational courses – within Texas. Defendants could reasonably anticipate being hailed into a Texas court, and this Court's exercise of jurisdiction over Defendants does not offend the notions of fair play or substantial justice. Additionally, and/or in the alternative, Defendants' numerous campuses and activities within the State of Texas make them essentially at home here, or subject to "general jurisdiction" in this Court.

26.     Venue is proper in this Court in the Eastern District of Texas under Title 28 U.S.C. Section 1391(a) and (b), because a substantial portion of the events or omissions giving rise to the claims made the basis of this lawsuit took place in this District, and/or because the Defendants are subject to this Court's jurisdiction in this District. Venue is also proper under Title 28 U.S.C. Section 1391(a)(3), because Defendants are subject to personal jurisdiction in this District as they transact a substantial amount of business in this District. Indeed, until recently, Defendants ran and operated a business with over 50 students and 10 employees in Beaumont, Texas.

### III.  BACKGROUND & BRIEF OVERVIEW

#### a.  Who are the defendants?

27.     Willis Stein & Partners, L.L.C. is a Illinois-based private equity firm. Willis Stein & Partners, L.L.C. and its shareholders own/operate Education Corporation of America. Since its inception in 1995, Willis Stein & Partners has raised three private equity funds with nearly $3 billion of investor commitments. Willis Stein & Partners is ECA's longtime private equity sponsor. Willis Stein & Partners, at the direction of Avy Stein, invested and participated in the decision-making for Education Corporation of America.

28.     Monroe Capital, LLC is a private credit asset management firm specializing in direct lending and opportunistic private credit investing. In September 2015, Monroe Capital LLC acted

as sole, lead arranger and administrative agent on the funding of a $72,000,000 senior credit facility and preferred stock investment to support the recapitalization of ECA and ECA's concurrent non-cash acquisition of 38 career college campuses from Kaplan Inc., in a transaction led by Willis Stein & Partners. Monroe Capital, at the direction of Theodore Koenig, invested and participated in the decision-making for Education Corporation of America.

29.     Education Corporation of America is a Delaware corporation with its principal place of business in Birmingham, Alabama. The ECA institutions, described below, are private and owned by a private equity firm, Willis Stein & Partners, L.L.C. Indeed, ECA's decision-makers are share-holders of Willis & Stein.[1] Thus, the motivating factor for ECA institutions is making a profit, not providing quality education.

30.     Virginia College, LLC is a wholly-owned subsidiary of Education Corporation of America. Virginia College, LLC does business as Brightwood College, Brightwood Career Institute, and Virginia College. Virginia College owns and operates more than twenty-two (22) private institutions throughout the United States, comprising seventy-one (71) campuses that serve nearly 20,000 students. These 71 campuses include Brightwood Colleges, Brightwood Career Institutes, and/or Virginia Colleges. *Exhibit 1, Virginia College, LLC Institutions*. On December 5, 2018, Virginia College discontinued enrollment in 27 campuses with the intention of 'teaching out' and closing each of those 27 campuses. *Id.*

31.     Brightwood College, a wholly-owned subsidiary of ECA, offered diploma and associate degree programs at over thirty (30) campuses in California, Indiana, Maryland, North Carolina, Ohio, Tennessee, and Texas. *Id.* Brightwood College provided students with a number of

---

[1] Non-profit institutions or public colleges, on the other hand, do not rely on shareholders to facilitate each and every financial and/or educational decision.

diploma/certificate and degree programs, including but not limited to: (1) business administration; (2) diagnostic medical sonography/ultrasound; (3) dental assistant; (4) electrical technician; (5) licensed vocational nurse; (6) medical assistant; (7) medical billing and coding specialist; (8) nursing; (9) paralegal studies; (10) pharmacy technician; (11) physical therapist assistant; (12) registered nursing; (13) respiratory care; (14) vocational training; and (15) x-ray technician. The tuition and fees vary depending the course title, number of hours, term, and other factors. *See Exhibit 2, ECA Students' Tuition Chart*.

32.     Virginia College, a wholly-owned subsidiary of ECA, offered diploma and associate degree programs at campuses in Alabama, Florida, Georgia, Louisiana, Mississippi, North Carolina, Oklahoma, South Carolina, Tennessee, Texas and Virginia. *Id*. Virginia College, similar to Brightwood College, was a private for-profit 'college' that offered classes, certificates, diplomas, and degrees related to specific professions. However, Virginia College also offered online degree programs.

33.     Brightwood Career Institute, another subsidiary wholly owned by ECA, offered programs in the state of Pennsylvania, with campuses in Broomall, Harrisburg, Philadelphia, Philadelphia Mills, and Pittsburgh. *Id*.

34.     Ecotech Institute, another subsidiary wholly owned by ECA, offered courses in at its campus in Aurora, Colorado. Ecotech Institute, similar to Brightwood College, was a private for-profit 'college' that offered classes, certificates, diplomas, and degrees related to specific professions. However, Ecotech specialized in renewable energy efficiency.

35.     Avy Stein was the Chief Executive Officer and managing partner of Willis Stein & Partners, L.L.C. at the time of the campus closures on December 5, 2018. Mr. Stein co-founded Willis Stein in 1994. Specifically, Mr. Stein was responsible for managing the firm's investments

in the education sector.  Mr. Stein is currently a co-founder and co-chairman of Cresset Capital.  Cresset Capital is a private equity firm located in Chicago, Illinois.

36.     Stu Reed was the Chief Executive Officer and President of Education Corporation of America at the time of the campus closures on December 5, 2018.  Mr. Reed began working for Education Corporation of America in January 2015.  Mr. Reed also worked for Motorola Inc. until 2008 and Sears Holding Corporation.  Both have filed for bankruptcy.

37.     Jackie Baumann was the assistant vice president for the human resources department at Education Corporation of America at the time of the campus closures on December 5, 2018.  Ms. Baumann worked for Motorola Inc. and/or its affiliates from March 2003 to May 2014 before joining Education Corporation of America.  Jackie Baumann signed the severance package offered to various employees before the campus closure(s).

38.     Erin Shea was the Senior Vice President of Career Services at Education Corporation of America at the time of the campus closures on December 5, 2018.  Ms. Shea worked for Kaplan Higher Education campuses prior to working for Education Corporation of America.  Erin Shea played an integral part in "Project Hawthorn" and worked closely with Defendant Stuart Reed.

### b. Campus Closures

39.     In early 2015, ECA entered into a Purchase and Sale Agreement with Kaplan, Inc. whereby Kaplan sold certain assets to ECA, including the rights to certain education institutions spread across the country. *See Exhibit 3, Third Party Kaplan's Memorandum in Support of Plaintiffs' Emergency Motion for Receiver and Preliminary Injunction*.  More specifically, Kaplan assigned to ECA approximately forty-nine (49) real estate leases across twelve states.  Through each assignment, an ECA tenant replaced the Kaplan entity on the lease. *Id*.

40.     In March 2015, the Department of Education placed many of ECA's campuses on a Heightened Cash Monitoring (HCM) financial restriction list because of company financial and management issues.[2] The monitoring resulted in additional federal oversight of federal student aid funds.

41.     In September 2015, Monroe Capital stepped in to assist ECA.  More specifically, Monroe Capital acted as sole lead arranger and administrative agent on the funding of a $72,000,000 senior credit facility and preferred stock investment to support the recapitalization of ECA and ECA's concurrent non-cash acquisition of 38 career college campuses from Kaplan, Inc. *Exhibit 4, Monroe Capital Arranges $72MM Facility in ECA Recap*.  Indeed, Monroe Capital's CEO and President, Defendant Ted Koenig stated, "We are pleased to partner with the team at Willis Stein & Partners and the ECA management team." *Id*.

42.     In October 2015, ECA re-opened (or re-branded) dozens of their campuses as "Brightwood" colleges across the country. *Exhibit 5, Education Corporation of America Announces Re-Branding of Kaplan College Campuses*.

43.     Despite the financial assistance, ECA continued to mismanage its subsidiaries: ECA's Virginia College and New England College of Business and Finance remained on the Department of Education's HCM list for forty-five (45) straight months (and counting).[3] *See Exhibit 6, HCM*

---

[2] "The U.S. Department of Education may place institutions on a Heightened Cash Monitoring (HCM) payment method to provide additional oversight of cash management. Heightened Cash Monitoring is a step that FSA can take with institutions to provide additional oversight for a number of financial or federal compliance issues, some of which may be serious and others that may be less troublesome." U.S. Department of Education, *Heightened Cash Monitoring* (online at https://studentaid.ed.gov/sa/about/data-center/school/hcm) (accessed on January 1, 2019).

[3] The Department of Education creates the HCM lists every three months.  Virginia College and New England College of Business and Finance has been on every list since March 1, 2015 for **financial responsibility, administrative capability, or cash monitoring**.

*lists from March 2015 to present*.  In fact, beginning in June 2017, twenty (20) Brightwood colleges joined the party and made every HCM list through the most current list.[4] *Id.*

44.    The Department of Education's HCM list is particularly troubling because Federal student loans are the primary means by which for-profit colleges sustain themselves.  In fact, 2016 Department of Education records show ECA took **over $390 million in taxpayer-funded federal student aid and GI bill benefits**. *Exhibit 7, Could Education Corporation of America's Sudden Closure Have Been Avoided?*

45.    In April 2018, Defendants Willis Stein & Partners and ECA held a two-day conference for Brightwood campus presidents (and other Brightwood employees) at the Grand Ole Opry in Nashville, Tennessee.  At the conference, representatives and/or agents of Defendants Willis Stein & Partners and ECA addressed the assembly of Brightwood campus presidents and employees. Defendant Avy Stein attended the conference and spoke to the assembly of employees.  More specifically, Defendant Avy Stein spoke about (1) the financial status of both ECA and Brightwood, (2) the accreditation process, (3) ECA's potential purchase of Vatterott College[5], and (4) the strategic roadmap for ECA and Brightwood.  Defendant Stu Reed also attended and spoke at the conference.  More specifically, Defendant Stu Reed spoke about (1) the financial status of both ECA and Brightwood, (2) the accreditation process, and (3) ECA's strategic plan(s) going forward.  Importantly, Defendants Avy Stein and Stu Reed informed the assembly about *Project Hawthorne*: the implementation (or "mirroring") of Brightwood's curriculum into all Virginia

---

[4] The Brightwood colleges made the list for **administrative capability and cash monitoring**.
[5] Vatterott College is a for-profit career-training institute with sixteen campuses across the United States.

College campuses.[6] Defendants Avy Stein and Stu Reed controlled/directed business decisions and strategies for both ECA and Brightwood. Defendant Erin Shea also attended the conference and re-iterated Defendants Avy Stein and Stu Reed's message(s).

46.     In May 2018 and despite the "good news", the Accrediting Council for Continuing Education and Training (ACCET) denied Virginia College's accreditation due to poor job placement rates, poor graduation rates, high faculty turnover rates, and the failure to provide students access to proper supplies.[7] In the same month, ACCET also required multiple Brightwood College and Brightwood Career Institute campuses to "show cause" and demonstrate why their accreditation should not be withdrawn.[8]

47.     On August 31, 2018, ACCET affirmed its accreditation denial of many ECA campuses. *Exhibit 8, ACCET Letter.* Shortly thereafter, ECA announced its plans to close twenty-six (26) campuses – a third of its total – by **early 2020**. *Exhibit 9, For-Profit Chain Will Close Dozens of Campuses.* ECA and its affiliates called these soon-to-be closed campuses "**Sunset Campuses**".

48.     The students at these "Sunset Campuses" were concerned. Thus, Defendant ECA attempted to downplay the situation: Diane Worthington (a spokeswoman for Defendant Education Corporation of America) stated, "The vast majority of currently enrolled students **will have the opportunity to complete their course work and earn their certificates/diplomas or degrees as planned**." (emphasis added). *Id.*

---

[6] Defendants Avy Stein and Stu Reed told the assembly the 'mirroring' of Brightwood's curriculum and tuition costs were due to Brightwood's profitability and financial successes. Defendant Erin Shea spearheaded the project.
[7] *Another Setback for Programs Overseen by Trouble Accreditor*, Inside Higher Ed (May 22, 2018) (online at https://www.insidehighered.com/news/2018/05/22/profit-chain-falls-short-attempt-get-new-accreditors-approval).
[8] *Id.*

49.     The students were not the only ones concerned as the employees of these "Sunset Campuses" grew worried as well.  To assuage these concerns (and to keep the money coming in), Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC and Brightwood extended a **severance package** to employees of "Sunset Campuses."

50.     On October 16, 2018, Virginia College, LLC, ECA, and New England College of Business and Finance, LLC filed their Complaint for Declaratory and Injunctive Relief and Appointment of Receivership in the Northern District of Alabama. *Exhibit 10, Receivership Complaint*.  The Complaint revealed that ECA, including Virginia College, LLC and all of its institutions, experienced financial difficulties and sought declaratory and injunctive relief and the appointment of receivership to enable the continued provision of educational activities to approximately 20,000 students. *Id*.  The Federal judge dismissed that lawsuit on November 5, 2018, due to lack of jurisdiction. *Exhibit 11, Receivership Memorandum and Opinion*.

51.     On October 31, 2018, the Accrediting Council for Independent Colleges and Schools ("ACICS") [9], placed **all remaining ECA campuses** on "show cause" status and were required by November 27, 2018 to have all campuses develop teach-out plans, a basic plan for orderly campus closures that specify how students would finish their programs of study. *Exhibit 12, ACICS Letter to Show Cause*.

52.     Despite the conspicuous (and numerous) signals that its demise was near, ECA continued to (1) mismanage its 'colleges'; (2) receive federal student loan money, Pell Grant benefits, and GI Bill benefits; and (3) fail to warn its students.

---

[9] The Accrediting Council for Independent Colleges and Schools is the largest national accrediting organization of degree granting institutions.

53. On December 4, 2018, ACICS withdrew, by suspension, the current grants of accreditation of all institutions owned by Defendant Virginia College, LLC because the company had not resolved concerns over student progress, student satisfaction, outcomes, certification, licensure, staff turnover, and the company's inability to meet its financial obligation with the approved payment plan. Indeed, the ACICS demonstrated concern about the education outcomes for the approximately 15,000 enrolled students across all campuses of Defendant Virginia College, LLC.

54. The following day, on December 5, 2018, Defendant ECA closed all of its Brightwood and Virginia College campuses across the country. Defendant ECA's CEO and President, Stu Reed, sent an email confirming the decision to close down all campuses:

*Dear Students,*

*In early fall, we undertook a path to dramatically restructure Education Corporation of America (parent company of your school) in an effort to best posture it for the future. This plan entailed the teach out of 26 of our campuses and then the commitment of capital from our investors additional funds from investors.*

*However, recently, the Department of Education added requirements that made operating our schools more challenging. In addition, last night ACICS suspended our schools' accreditation with intent to withdraw. The uncertainty of these requirements resulted in an inability to acquire additional capital to operate our schools.*

*It is with extreme regret that this series of recent circumstances has forced us to discontinue the operations of our schools. Your campus will close this month. Please contact your Dean or Program Director for the specific closure date of your campus.*
*You will receive credit for all courses that you completed and passed by the closure date. Information on how to request your transcript will be posted at www.ecacolleges.com within the next few weeks. If you do not graduate this month, we encourage you to continue your career training by requesting your transcript and contacting local schools to determine transferability.*

*This is clearly not the outcome we envisioned for you or our schools, and it with the utmost regret that we inform you of this direction.*

*Stu Reed,*
*President & CEO*

55.     Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Ecotech, Virginia College, Avy Stein, and/or Stu Reed's decision to abruptly close their campuses was an act of betrayal to the thousands of students and employees subject to the decision-making of the aforementioned few. Students, who paid thousands of dollars and/or incurred debt, were stripped of their opportunity to complete their programs. In fact, the majority of these students *still owe* money to the federal government despite losing the opportunity to obtain their degree, certificate, and/or diploma.

56.     Most students were not able to transfer their credits (in full) to other institutions and/or teach-out programs because Defendants failed to properly install teach-out programs for the vast majority of its students.

57.     The unexpected closure caused all employees of ECA to lose their employment.

        *e. The campus closures gain national attention.*

58.     Abusive practices by for-profit schools and 'colleges' have been the substance of political discussions and debate for more than a decade. Indeed, Betsy DeVos and the Department of Education recently moved to scrap Obama-era safeguards against the "scandal-scarred" for-profit college industry. *Exhibit 13, Devos Ends Obama-Era Safeguards Aimed at Abuses by For-Profit Colleges*.

59.     It is without surprise that the abrupt campus closures, leaving over 19,000 students 'out to dry', garnered national attention.

60.     On December 6, 2018, United States Senator Doug Jones[10] wrote the following letter to Stu Reed on behalf of all affected ECA students:

---

[10] Douglas Jones has served as the junior United States Senator from Alabama since 2019. Of course, Alabama is Defendant ECA's home state.

*Dear Mr. Reed:*

*I am writing on behalf of the students in Alabama and across the country who are enrolled in one of Education Corporation of America's colleges, including Brightwood Career Institute, Brightwood College, Ecotech Institute, Golf Academy of America, and Virginia College. When the news broke yesterday regarding your decision to abruptly close these colleges, I was immediately concerned about the futures of 20,000 students enrolled nationwide in 20 states, including 4,000 veterans and military service members using the G.I. Bill.*

*In Alabama, Education Corporation of America's Virginia College campuses will close in Birmingham, Huntsville, Mobile, and Montgomery, leaving a combined total of more than 3,800 students in my state, including 670 student veterans who have been using the G.I. Bill benefits they have earned, left scrambling to figure out their educational future. According to your company's website, there will be information for students regarding transcript retrieval, transfer, and contact information that you "expect to start loading" on or around December 17, 2018.*

*<u>After abruptly closing the doors</u>, your decision to make students and families wait nearly two weeks to receive any information about their next steps is simply unacceptable.*

*You have a responsibility to these students, including our veterans and service members, to ensure they have all of the tools and information they need to move forward, including the choice between receiving a discharge of their federal student loans or transferring to a similar program if they can find an institution willing to accept their credits. Veteran students also need to understand the impact of the closure on their G.I. Bill benefit eligibility. <u>I am deeply troubled by reports that many Education Corporation of America colleges have not been informing students of their right to seek a "closed school discharge" of their federal loan as is required by federal law under the 2016 "borrower defense" rule.</u> Additionally, students who are encouraged to transfer should understand the limitations of fully transferring credits, and the impact on their eligibility for a loan discharge.*

*I urge you to do all you can to inform these students of their options. They have invested thousands of dollars into your institution and could potentially lose everything.*

*Sincerely,*
*Doug Jones*
*U.S. Senator*

(emphasis added). Senator Jones clearly expressed his frustration and disappointment in ECA's gross mismanagement of its corporations, or schools.

61.     On December 19, 2018, the United States Congress wanted answers: Elizabeth Warren[11],

Elijah Cummings[12] and Suzanne Bonamici[13] signed a congressional letter to Mr. Stu Reed. *Exhibit*

*14, Congress of the United States' Letter to Stu Reed*.   In the letter, the United States Congress

members outlined the Defendants' gross mismanagement, Defendants' failure to warn its students

and employees, and the massive costs incurred by American taxpayers. *Id*.   The United States

Congress ended the letter by demanding documents and information by January 21, 2019. *Id*.

### f. The Plaintiffs' Situation

#### i. ECA Students

62.     **Plaintiff Karina Garcia** – Ms. Garcia signed a contract with Defendants ECA, Virginia

College, LLC and/or Brightwood College to pursue a 9-month medical assistant program at

Brightwood College located in Beaumont, Texas.  The total tuition charged to Plaintiff Garcia was

$17,250.  At the time of the campus closures, Ms. Garcia completed three months of said program

and paid around $3,300 towards her tuition and books.

63.     **Plaintiff Maria Mata** – Ms. Mata signed a contract with Defendants ECA, Virginia

College, LLC and/or Brightwood College to pursue a 9-month medical assistant program at the

Brightwood College located in Beaumont, Texas.  The total tuition charged to Plaintiff Mata was

$17,250.   At the time of the campus closures, Plaintiff Mata completed approximately seven

months of said program and paid more than $12,000 out of her own pocket to Defendants ECA,

Virginia College, LLC and/or Brightwood College. Importantly, Plaintiff Mata relied upon several

statements made by Defendants ECA, Virginia College, LLC and/or Brightwood College's

---

[11] United States Senator.  Senator Warren announced her bid for United States presidency just twelve days after signing the letter.
[12] Ranking Member on the House Committee on Oversight and Government Reform.
[13] Vice Ranking Member on the House Committee on Oversight and Government Reform.

officials which induced her to continue her enrollment and making payments. Specifically, Defendants ECA, Virginia College, LLC and/or Brightwood College officials verbally assured Plaintiff Mata (1) she would have the opportunity to complete her program before any closures and (2) she would receive a full tuition reimbursement *if* the campus closed before completing her program. Plaintiff Mata's program was set to end in February of 2019 and Brightwood College closed all campuses nationwide in December of 2018. Plaintiff Mata has failed to receive any refund from Defendants ECA, Virginia College, LLC and/or Brightwood College. Additionally, prior to Plaintiff Mata's enrollment at Brightwood, she was told that students would receive five or six textbooks upon the payment of tuition. Plaintiff Mata only received two of the five or six textbooks she was promised. Lastly, prior to Plaintiff Mata's enrollment at Brightwood College, she was promised that assistance with transportation and a cap/gown were included in the payment of tuition. Plaintiff Mata never received assistance with transportation and had to drive to Houston, Texas as well as pay for her cap/gown for her anticipated graduation that never occurred. Plaintiff Mata has incurred significant economic and mental anguish damages due to the campus closures.

64.     **Plaintiff Chloe Brooks** – Ms. Brooks signed a contract with Defendants ECA, Virginia College, LLC and/or Brightwood College to enroll in a 12 to 18-month licensed vocation nursing (LVN) program at the Brightwood College located in Corpus Christi, Texas. The total tuition charged to Plaintiff Brooks was $26,466. Plaintiff Brooks and her two-year-old daughter re-located from Arizona to Corpus Christi (while her husband who is also in the military was deployed on active duty) to attend classes in Corpus Christi. Plaintiff Brooks paid her tuition through both GI Bill benefits[14] and out-of-pocket payments. Indeed, the campus closures will impact nearly

---

[14] The Veterans Administration pays Defendants ECA, Virginia College, LLC, and/or Brightwood College directly. Generally, GI Bill benefits pay for three years of continuing

4,000 student veterans who used their GI Bill funds at ECA campuses. *See Exhibit 3, Third Party Kaplan's Memorandum in Support of Plaintiffs' Emergency Motion for Receiver and Preliminary Injunction*. At the time her campus closed, Plaintiff Brooks was just three months from completing the LVN program. Additionally, Defendants ECA, Virginia College, LLC, Brightwood College, Stu Reed, and/or Erin Shea promised Plaintiff Brooks and other Corpus Christi Brightwood College students they would be able to transfer all credits to a 'teach out' school. That did not happen. The campus closures, as well as the aforementioned misrepresentations, caused Plaintiff Brooks significant economic and mental anguish damages.

65. **Plaintiff Anita Trevino** – Ms. Trevino signed a contract with Defendants ECA, Virginia College, LLC and/or Brightwood College to enroll in a two-year respiratory care program at Brightwood College located in Salida, California. The total tuition charged to Plaintiff Trevino was $48,460. Plaintiff Trevino obtained her tuition funds through both federal student loans and funds paid directly out-of-pocket. Further, Plaintiff Trevino quit her full-time job to continue her education and pursue a career as a respiratory therapist. As a result of the campus closures, Plaintiff Trevino has no prospective employment and struggles daily to provide for her and her children. The campus closures caused Plaintiff Trevino significant economic and mental anguish damages.

66. **Plaintiff Karlene Carpenter –** Ms. Carpenter signed a contract with Defendants ECA, Virginia College, LLC and/or Brightwood College to enroll in a 12 to 18-month licensed vocation nursing (LVN) program at the Brightwood College located in San Diego, California. The total tuition charged to Plaintiff Carpenter was approximately $34,500. Plaintiff Carpenter obtained her

---

education. Each service member gets ten years from the day of discharge to use the GI Bill benefits.

tuition funds through both federal student loans and out-of-pocket payments. In November of 2018, Plaintiff Carpenter was set to receive a disbursement of approximately $3,300 in federal loans.[15]  After several visits to the Brightwood financial aid office, Brightwood officials and/or representatives promised Plaintiff Carpenter that she would receive said funds in the mail from Sallie Mae.  Plaintiff Carpenter never received said funds.  Instead, these monies were disbursed to Defendants ECA, Virginia College, LLC, and/or Brightwood College.  Plaintiff Carpenter is now "on the hook" for these funds despite never receiving them.  The campus closures, as well as the aforementioned misrepresentations, caused Plaintiff Carpenter significant economic and mental anguish damages.

67.    **Plaintiff Tanisha Williams** – Ms. Williams signed a contract with Defendants ECA, Virginia College, LLC, and/or Brightwood Career Institute to enroll in a dental assistant program at a Brightwood Career Institute location in Philadelphia, Pennsylvania.  Plaintiff Williams enrolled in November 2018, less than one month before the campus closures.  Yet Defendants ECA, Virginia College, LLC, and/or Brightwood College failed to inform Plaintiff Williams of the probable (and imminent) campus closures.  Indeed, Defendants ECA, Virginia College, LLC, Brightwood College, Avy Stein, Stu Reed, and/or Erin Shea knew (or should have known) of the imminent campus closures at the time Plaintiff Williams enrolled in her program.  The total tuition charged to Plaintiff Williams was $18,000.  Plaintiff Williams obtained her tuition funds through both federal student loans and out-of-pocket payments.  Plaintiff Williams incurred significant economic and mental anguish damages due to the campus closures.

---

[15] Plaintiff Carpenter intended to use these funds for living expenses over the subsequent three months.

68. **Plaintiff Samuel Torres** – Mr. Torres signed a contract with Defendants ECA, Virginia College, LLC, and/or Ecotech Institute to enroll in the Associate's in Applied Science in Wind Energy program. The total tuition charged to Plaintiff Torres was approximately $32,000. Plaintiff Torres obtained his tuition funds through (primarily) federal student loans. Mr. Torres was set to graduate in December 2018. Due to the campus closures, Mr. Torres was unable to graduate and/or complete his program. The campus closures caused Plaintiff Torres significant economic and mental anguish damages.

### ii. ECA Employees

69. **Plaintiff Marlene Burch** – Ms. Burch signed an employment contract with Defendants ECA, Virginia College, LLC, and/or Brightwood College in August 2018. More specifically, Plaintiff Burch agreed to teach the LVN program at the Brightwood College located in San Antonio (Ingram campus) for a $75,000 annual salary. Plaintiff Burch left a secure job she held for eight years to begin a career – with better pay – at Brightwood College. At some point in October 2018, Plaintiff Burch asked representatives of Defendants ECA, Virginia College, LLC, and/or Brightwood College about the possibility of campus closures.[16] Defendants ECA, Virginia College, LLC, Brightwood College, Stu Reed and/or Erin Shea promised Plaintiff Burch her job was secure. That, of course, was not true. Plaintiff Burch is the sole caretaker, benefactor and mother of two special-needs children who require around the clock care and attention. A considerable portion of Plaintiff Burch's salary went to providing the necessary care for her children. Due to the abrupt campus closures, Plaintiff Burch now struggles to find new employment and secure the necessary finances to care for her family. The campus closures, as

---

[16] Plaintiff Burch inquired because her old job provided her a three-month window from the date she left to return.

well as the aforementioned fraudulent misrepresentations, caused Plaintiff Burch significant economic and mental anguish damages.

70. **Plaintiff Rozephyr Jean** – Ms. Jean signed an employment contract with Defendants ECA, Virginia College, LLC, and/or Brightwood College more than eleven years before the campus closures. At the time of the campus closures, Plaintiff Jean was employed as the Director of Student Finance at the Brightwood College located in Beaumont, Texas. In September 2018, Defendants ECA, Virginia College, LLC, Brightwood College, Stu Reed and/or Erin Shea informed Plaintiff Jean that the Brightwood College located in Beaumont would close down in June 2019. In fact, Defendants ECA and/or Jackie Baumann offered Plaintiff Jean a severance package. Plaintiff Jean signed the agreement and returned it to Defendants ECA and/or Jackie Baumann.[17] Despite the mutually agreed-to contract, Defendants failed to perform and/or provide any severance payments. Plaintiff Jean has incurred significant economic and mental anguish damages due to the abrupt campus closures.

> **d. Defendants Willis Stein & Partners, Avy Stein, Stu Reed, Erin Shea, and/or ECA assured Plaintiffs that the campuses would remain open through their respective graduation dates.**

71. In September 2018, Defendants Willis Stein & Partners, Avy Stein, Stu Reed, Erin Shea and/or ECA sent correspondence to all "Sunset Campus" presidents to inform them that their respective campuses were set to close in June 2019. The correspondence directed these campus presidents to inform their staff members and students of the June 2019 closure. Importantly, Defendants Willis Stein & Partners, Avy Stein, Stu Reed, Erin Shea and/or ECA provided these presidents with various "**talking points**" to convey to the students. These "talking points" included

---

[17] Additionally, to the extent any Defendant challenges this complaint for failing to attach this arguably confidential exhibit, Plaintiffs will immediately file it *in camera* to defend any such challenge.

the message that all students would be able to graduate before their campus closed. That, of course, did not happen.

72.     These meetings were conducted across the country at the direction of Defendants Willis Stein & Partners, Avy Stein, Stu Reed and/or ECA.

73.     These "assurance" messages were made despite Defendants Willis Stein & Partners, Avy Stein, Stu Reed, Erin Shea and/or ECA knowing the campuses would not remain open long enough for most, if not all, of ECA Students to graduate. Indeed, an administrative official at Ecotech stated he knew his school's "days were… numbered" after Defendant ECA told Ecotech "it would be closed in a year to a year and a half." *Exhibit 14, Congress of the United States' Letter to Stu Reed*.

### IV.  BRIEF SUMMARY OF THE CLAIMS AND THE REMEDIES SOUGHT

#### a.     *ECA Students' claims.*

74.     Plaintiffs Karina Garcia, Maria Mata, Chloe Brooks, Anita Trevino, Karlene Carpenter, Tanisha Williams, Samuel Torres and Proposed Class Members (collectively "ECA Students") entered into various agreements with Defendants ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute.  Under these agreements, ECA Students agreed to pay a sum of money, while Defendants ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute agreed to provide the requisite education and/or training.  On December 5, 2018, Defendants ECA, Virginia College, LLC, Stu Reed, Willis Stein & Partners, and Monroe Capital directed all ECA campuses to close.  The abrupt campus closures prevented ECA Students from getting what they paid for – a full education, training, licenses, diplomas and/or certificates. Moreover, Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC,

Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute failed to reimburse ECA Students their full tuition costs, as required under the contract.[18] Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute failed to honor and breached its contractual obligations to ECA Students, resulting in significant harm and damages.

75.     In refusing to (1) remain open long enough for ECA Students to complete their program and (2) refund ECA Students' tuition costs, Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein and/or Stu Reed breached the covenant of good faith and fair dealing and acted in bad faith towards ECA Students.  Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein and/or Stu Reed's conduct demonstrates that they knew the closure was imminent but continued to lead the ECA Students to believe they could, and would, complete their programs.  Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein and/or Stu Reed's conduct also demonstrates that their denial of tuition refund was prompted not by honest mistake, bad judgment or negligence, but rather by conscious and deliberate conduct. Furthermore, this conduct unfairly frustrated the common purpose of the agreements between the parties and disappointed the reasonable expectations of ECA Students. This conscious and

---

[18] Specifically, Plaintiff Chloe Brooks signed an agreement with Brightwood College that states, "6. Students will receive a **full refund** if the enrollment was procured as a result of any misrepresentations in advertising, promotional materials of the Institution, or representations by the owner or representatives of the Institution, **or if educational service is discontinued by the Institution, preventing the student from completing**." (emphasis added).

deliberate conduct of the several Defendants worked thereby to deprive ECA Students of the benefits of their course and/or program they purchased in reliance on Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein and/or Stu Reed's representations, advertisements, and marketing.

76.    As shown, Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed intentionally lead ECA Students to believe they would be able to complete their programs and receive their diplomas, degrees and/or certificate before closure. Indeed, Defendants Willis Stein & Partners, Avy Stein, Stu Reed, Erin Shea and/or ECA directed "sunset campus" presidents to tell its students they would be able to graduate their programs before any closure occurred.   Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed knew or should have known, the campus closures were imminent and/or happening before the date they were publicly announced.   Moreover, Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed intentionally lead ECA Students to believe *if* the campus closed down, Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute would reimburse ECA Students for all costs and/or establish 'teach out programs'.

77.     Defendants Avy Stein, Erin Shea, and Stu Reed made, or caused to make, ECA Students believe ECA's financial status was strong and their campuses were not at risk to close down before their program was complete.

78.     ECA Students relied on those representations and continued to pay their tuition and other educational costs.  Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute then knowingly and intentionally closed down all campuses, denying ECA Students of the opportunity to complete their course and/or program.  ECA Students were injured as a result of Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed's fraudulent behavior.

79.     Through written materials and oral communications Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed represented (1) only one-third of campuses would close in 2020, or June 2019 at the earliest; (2) ECA Students would be able to complete their programs before campus closures; and (3) in the event of an early campus closure, Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute would reimburse ECA Students their full tuition and costs.  Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed's misrepresentations were made in the course of their business and were made with a purpose to affect ECA Students' financial decisions.  Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College,

LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed's misrepresentations were objectively material to ECA Students and the reasonable consumer. Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed failed to exercise reasonable care in communicating these misrepresentations and ECA Students were damaged as a proximate cause. Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed directly benefitted monetarily as a result of these misrepresentations.

80. A fiduciary duty, created by law and/or contract, existed between ECA Students and Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed at the time of campus closures. Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed breached their fiduciary duty by their actions set forth herein and ECA Students were injured as a result. Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed benefitted from their breach by collecting ECA Students' tuition, refusing to pay it back, and closing down all campuses to save overhead expenses.

81. Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed committed several violations under the Texas Deceptive Trade Practices

Consumer Protection Act ("DTPA"). At all material times, ECA Students constitute "consumers" as defined in TEX. BUS. & COM. CODE §17.46(A)(4). Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed knowingly and intentionally committed these DTPA violations. As a result of Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed's noncompliance with the DTPA, ECA Students are entitled to economic damages, which include the amount of the benefits wrongly withheld. For knowing conduct violations, ECA Students ask for three times their economic damages. For intentional conduct violations, ECA Students are entitled to their economic damages, and ECA Students ask for three times their amount of economic damages. ECA Students are also entitled to court costs and attorney's fees. TEX. BUS. & COM. CODE ANN. §17.50(b)(1).

82.     Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed constitute as an "enterprise" under the Federal "RICO" Act and engaged in a pattern of racketeering activities through wires, radio, television promotions, internet marketing, and U.S. mail causing damage and injury to ECA Students. Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed violated Title 18 U.S.C. Section 1962(a) by receiving money directly and indirectly from a pattern of racketeering activity and used or invested, directly or indirectly, a part of such income or the proceeds of such income, in acquisition of an interest in, or the establishment or operation of, an enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

As a proximate and direct result of Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed's wrongful acts and conduct, ECA Students have sustained damages. ECA Students defrauded by Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed's scheme and fraud are entitled to treble damages, costs of suit, and reasonable attorneys' fees pursuant to Title 18 U.S.C., Section 1964(c).

83.     Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed conspired together and/or agreed to commit a tort.  More specifically, Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed conspired to defraud ECA Students. Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed had a meeting of the minds on these actions and furthered the agreed-to course of action by accepting federal student loans while knowing the campus closures were coming on December 5, 2018.  As a proximate result of the closure, the Plaintiffs' and others suffered injury.

84.     As a result of the conduct set forth herein, Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Avy Stein, Erin Shea and/or Stu Reed have been, and will continue to be unjustly enriched at the expense of ECA Students.

85.     Defendants Willis Stein & Partners, ECA, Virginia College, LLC, Avy Stein, and/or Stu Reed were members of a joint venture.  Said Defendants were engaged in a joint enterprise because they have (1) an express and/or implied agreement amongst each other; (2) a common purpose to be carried out; (3) a community of pecuniary interest in that common purpose; and (4) an equal right to direct and control the enterprise.  Each defendant of this joint venture committed several torts against ECA Students while acting within the scope of the enterprise.  ECA Students and others suffered damages as a result of the joint venture's tortious and fraudulent acts and/or omissions.

### b.     ECA Employees' claims.

86.     Plaintiffs Marlene Burch, Rozephyr Jean, and Proposed Class Members (collectively "ECA Employees") entered into various employment contracts with Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute.  Under these agreements, ECA Employees agreed to provide a service, while Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute guaranteed payment(s) in return.  On December 5, 2018, Defendants ECA, Virginia College, LLC, Stu Reed, Willis Stein & Partners, and/or Monroe Capital directed all Brightwood campuses to close.  The abrupt closure prevented ECA Employees from getting what they bargained for – monetary compensation.  Defendants ECA, Virginia College, LLC, Willis Stein & Partners, and/or Monroe Capital failed to honor and breached its contractual obligations to ECA Employees, resulting in harm and damages.

87.     In September 2018, Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College and/or Jackie

Baumann offered a severance package to Plaintiff Rozephyr Jean and all ECA Employees of the "Sunset Campuses". Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College and/or Jackie Baumann failed to honor and breached its contractual obligations to ECA Employees, resulting in harm and damages.

88.     In April 2018, Defendants Avy Stein and Stu Reed told all Brightwood College campus presidents that ECA's financial status was strong and the accreditation process was favorable for ECA schools. These statements were made despite Defendants Avy Stein and Stu Reed knowing them not to be true. ECA Employees relied on these statements and were harmed as a result.

89.     Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute terminated ECA Employees without cause on December 5, 2018. At all material times, Defendant ECA was an "employer" and ECA Employees were "employees" under the "WARN" Act. The campus closures qualified as a "plant closing" or "mass layoff" under the WARN Act. Thus, Defendant ECA was required to give ECA Employees at least sixty (60) days prior written notice of his/her termination. Defendant ECA failed to do so. Thus, Defendant ECA violated the WARN Act. As a result, Defendant ECA failed to pay ECA Employees' wages for sixty working days following their termination.

90.     As a result of the conduct set forth herein, Defendants have been, and will continue to be unjustly enriched at the expense of ECA Employees.

### V. FIRST CAUSE OF ACTION
**(Breach of Contract including the Breach of Expressed Terms and the Implied Terms – Breach of the Covenant of Good Faith and Fair Dealing)**

*a. ECA Students' causes of action.*

91.     Paragraphs 1 through 90 are incorporated by reference.

92.     Contracts existed between ECA Students and Defendants ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute ECA Students entered into agreements with Defendants ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute for various programs and/or courses.

93.     Under each contract, ECA Students were required to pay the amount of each program and/or course referenced in each contract.  In said contracts, Defendants ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute promised that "Students will receive a *full refund* if the enrollment was procured as a result of any misrepresentation in advertising, promotional materials of the Institution, or representations by the owner or representatives of the Institution, *or if educational service is discontinued by the Institution, preventing the Student from Completing*." (emphasis added).  ECA Students' contracts were in full force and effect at the time Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute closed down their campuses.

94.     All conditions precedent to Defendants ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute's obligation were satisfied.

95.     Defendants ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute breached the terms of their contracts with ECA Students by failing to provide them with the promised products and services as contracted. Defendants ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute,

Virginia College, and/or Ecotech Institute further breached the terms of their contracts with ECA Students by failing to provide them a full reimbursement, as stated in the contracts.

96.     ECA Students have sustained actual damages as the result of Defendants ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute's breach of contract.

97.     In misrepresenting through its representations that ECA campuses would remain open through at least June of 2019 and in abruptly closing down all of its' campuses, Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed breached and failed to honor its implied covenant of good faith and fair dealing under Texas law.

98.     The law implies a covenant of good faith and fair dealing in every contract. Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed violated this covenant of good faith and fair dealing in its contract with ECA Students by, *inter alia*, misrepresenting to ECA Students that their campuses would remain open (at least) through the courses currently in progress. Despite these representations, Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute closed down all campuses with no forewarnings.

99.     Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed breached their duty of good faith and fair dealing and acted in bad faith in the following respects:

a. Representing through its advertising, marketing, and other representations that the campuses would not close down until (at the earliest) June 2019.

b. Representing through its advertising, marketing, and other representations that Defendant ECA would close down only one-third of its campuses in 2020.

c. Representing through its advertising, marketing, and other representations that ECA Students would be able to transfer all credits to 'teach-out schools' free of charge.

d. Acting in such a manner as to damage ECA Students and/or committing acts which unjustifiably denied ECA Students the benefits to which they were entitled under the Contract.

e. Failing to provide full and complete training and/or education, as stated in the Contract.

f. Failing to provide full reimbursement(s) for any and all tuition and costs to ECA Students after abruptly closing down all campuses.

g. Failing to provide adequate notice to ECA Students that all campuses would be closed down.

h. Failing to attempt in good faith to compromise ECA Students for their lost money and/or time towards their program(s).

100. Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed's bad-faith denial of ECA Students training and/or education was done as part of their business practices. Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed's wrongful conduct was authorized and ratified by its management and was done with disregard of ECA Students' rights. Such conduct was done to take advantage of the financially weaker or vulnerable position of ECA Students and constitutes a pattern or practice of misconduct through trickery or deceit to deny ECA Students the benefit of their training and/or education.

101.     ECA Students performed all, or substantially all, of the significant duties required under their agreements with Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed.

102.     Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed did not provide and/or unfairly interfered with the rights of ECA Students to receive the benefits under their agreements with Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed.

103.     Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed acted with oppression, fraud and malice, including with conscious and willful disregard of the rights of ECA Students and to their harm and detriment. ECA Students are accordingly entitled to recovery of exemplary and punitive damages.  Plaintiffs suffered damages from the acts and/or omissions described herein.

### b. ECA Employees' causes of action.

104.     Paragraphs 1 through 103 are incorporated by reference.

105.     Contracts existed between ECA Employees and Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute.  ECA Employees entered into employment agreements with Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC,

Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute for various employment positions.

106. Under each contract, Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute were required to pay ECA Employees the amount of salary and/or rate referenced in each contract. ECA Employees' contracts were in full force and effect at the time Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute closed down their campuses.

107. All conditions precedent to Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute's obligation were satisfied.

108. Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute breached the terms of their contracts with ECA Employees by failing to provide them with the promised compensation as contracted.

109. ECA Employees have sustained actual damages as the result of Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute's breach of contract.

110. Moreover, on September 28, 2018, Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College and/or Jackie Baumann offered a severance package to Plaintiff Rozephyr Jean and all ECA employees of the "Sunset Campuses". Indeed, Jackie Baumann signed each contract on behalf of Defendant ECA. Under each agreement, Defendants Willis Stein & Partners, Monroe Capital,

ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College and/or Jackie Baumann, and ECA Employees of "Sunset Campuses" agreed (1) the employee's employment with employer would terminate on June 1, 2019; (2) the employer will continue to pay each employee through week June 1, 2019; (3) the employer will pay each employee the equivalent of 12 weeks of the employee's regular base pay as a 'separation benefit'; and (4) these payments would be made in bi-weekly installments.

111.    All conditions precedent to Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College and/or Jackie Baumann's obligation were satisfied.

112.    Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College and/or Jackie Baumann breached the terms of their contracts with ECA Employees of the "Sunset Campuses" by failing to provide them with the promised compensation as contracted.

113.    ECA Employees of the "Sunset Campuses" have sustained actual damages as the result of Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College and/or Jackie Baumann's breach of contract.

114.    In misrepresenting through its representations that ECA's campuses would remain open through at least June of 2019 and in abruptly closing down all of its' campuses, Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, and/or Jackie Baumann breached and failed to honor its implied covenant of good faith and fair dealing under Texas law.

115.    The law implies a covenant of good faith and fair dealing in every contract.  Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, and/or Jackie Baumann violated this covenant of good faith and fair dealing in its contract with ECA Employees by, *inter alia*, misrepresenting to ECA Employees that their employment would last (at least) until June 1, 2019. Despite these representations, Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute closed down all campuses with no forewarnings.

116.    Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, and/or Jackie Baumann breached their duty of good faith and fair dealing and acted in bad faith in the following respects:

> a.   Representing through its advertising, marketing, and other representations that the campuses would not close down until (at the earliest) June 2019.
>
> b.   Representing through its advertising, marketing, and other representations that Defendant ECA would close down only one-third of its campuses in 2020.
>
> c.   Acting in such a manner as to damage ECA Employees and/or committing acts which unjustifiably denied ECA Employees the benefits to which they were entitled under the Contract.
>
> d.   Failing to provide employment and/or compensation, as stated in the Contract.
>
> e.   Failing to provide adequate notice to ECA Employees that all campuses would be closed down.
>
> f.   Failing to attempt in good faith to compromise ECA Employees for their lost compensation and/or time towards their job(s).

117.    Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, and/or

Jackie Baumann's bad-faith denial of ECA Employees' employment was done as part of their business practices. Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, and/or Jackie Baumann's wrongful conduct was authorized and ratified by its management and was done with disregard of ECA Employees' rights. Such conduct was done to take advantage of the financially weaker or vulnerable position of ECA Employees and constitutes a pattern or practice of misconduct through trickery or deceit to deny ECA Employees the benefit of their employment.

118.     ECA Employees performed all, or substantially all, of the significant duties required under their agreements with Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, and/or Jackie Baumann.

119.     Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, and/or Jackie Baumann did not provide and/or unfairly interfered with the rights of ECA Employees to receive the benefits under their agreements with Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, and/or Jackie Baumann.

120.     Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, and/or Jackie Baumann acted with oppression, fraud and malice, including with conscious and willful disregard of the rights of ECA Employees and to their harm and detriment. ECA Employees are

accordingly entitled to recovery of exemplary and punitive damages. Plaintiffs suffered damages from the acts and/or omissions described herein.

## VI. SECOND CAUSE OF ACTION
### (Fraud, Misrepresentation Deceit, Quantum Meruit, and Promissory Estoppel)

121. Paragraphs 1 through 120 are incorporated by reference.

122. Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed intentionally, through communications, lead ECA Students to believe they would be able to complete their course/program before any campus closure occurred. Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed continued to promise ECA Students despite knowing the campus closures would occur before the conclusion of said course/program.

123. Defendants Avy Stein, Erin Shea, and Stu Reed made, or caused to make, ECA Students believe ECA's financial status was strong and their campuses were not at risk to close down before their program was complete.

124. Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed did so to induce ECA Students to continue to pay their tuition and fees for their respective course/program to Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute.

125. In September 2018, Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech

Institute, Avy Stein, Erin Shea and/or Stu Reed directed all "Sunset Campus" campus presidents to misrepresent to "Sunset Campus" students that (1) the students would be able to complete their respected programs before any campus closure; and/or (2) the students would receive a full-tuition reimbursement in the event their campus closed down before course completion. That, of course, did not happen.

126.    In fact, on November 8, 2018, Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed directed several campus presidents to send ECA Students an email stating, "At this time, there is no impact to your eligibility for federal student financial aid, **nor should there be any disruption to your program**." *Exhibit 15, Brightwood Email Stating no Disruption*. Less than thirty days later, Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute closed down all campuses—permanently 'disrupting' ECA Students' programs.

127.    Moreover, Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute promised ECA Students that *if* their campus(es) closed, the students would be able to transfer all of their credits (with no additional costs) to an established 'teach-out program'. That, for the most part, did not happen.

128.    These statements were made despite Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed knowing the campus closures were coming sooner than expected. Indeed, an administrative official at Ecotech stated he knew his

school's "days were… numbered" after ECA told Ecotech "it would be closed in a year to a year and a half." *Exhibit 14, Congress of the United States' Letter to Stu Reed*.  In fact, Defendants ECA and Virginia College, LLC filed a lawsuit seeking to put ECA into receivership and asked the Alabama court to halt all litigation against it in order to straighten out its financial affairs.  That was in October 2018.  The campus closures were in December 2018.  Therefore, Defendants **_knew in October_** (or before) that these closures were imminent and did nothing to protect ECA Students' interests.

129.     On December 21, 2018, sixteen days *after* the campus closures, Defendant ECA sent the following email to Brightwood College students: "We regret to hear that you have **withdrawn** from school." *Exhibit 16, Brightwood Email to Students*.  Brightwood College students did not withdraw from school—Defendant ECA locked them out.  This statement, of course, is patently false.

130.     Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed's representations and/or directions to make representations were material and false.

131.     ECA Students relied on those representations.  Indeed, ECA Students continued to pay their tuition and/or incur debt—and did not transfer schools—in reliance on the above-mentioned statements.

132.     Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed intended for ECA Students to rely on those representations to 'dupe' them into continuing to pay for and/or purchasing Defendants Willis Stein & Partners, Monroe

Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute's programs before closing down all operations.

133.    ECA Students were injured as a result of those false and misleading representations.

134.    Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed knowingly and intentionally led ECA Students to believe they would be able to complete their programs and receive their diplomas, degrees and/or certificates without interruption.

135.    Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed's conduct constitutes fraud and deceit.

136.    For Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed's fraud and deceit, ECA Students are entitled to recovery of exemplary and punitive damages.

137.    Through written materials and oral discussions, Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed represented the closing of one-third of its nationwide campuses in 2020. *Exhibit 9, For-Profit Chain Will Close Dozens of Campuses*.  Despite the potential one-third close down in 2020, Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed guaranteed

ECA Students their campuses would remain open through (at least) June 2019. That did not happen.

138.    After campus closures, Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed promised ECA Students they would be able to complete their programs "with no additional costs" at a 'teach-out school'. Indeed, Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed promised ECA Students they would be able to transfer all of their credits to these 'teach-out schools'. That did not happen.

139.    Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed's misrepresentations were made in the course of business.

140.    Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed's misrepresentations were supplied and/or conveyed for the purpose of affecting ECA Students' financial decisions.

141.    Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed failed to exercise reasonable care and/or diligence in communicating its misrepresentations.

142.    Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein,

Erin Shea and/or Stu Reed's misrepresentations and/or caused to misrepresent were objectively material to the reasonable consumer, and therefore reliance upon such representations may be presumed as a matter of law.

143. Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed intended that ECA Students would rely on its misrepresentations.

144. ECA Students reasonably and justifiably relied to their detriment on Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed's misrepresentations and/or caused to be made misrepresentations.

145. As a proximate result of Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed's misrepresentations, ECA Students were damaged in an amount to be proven at trial.

146. ECA Students provided valuable services and/or materials to Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed who accepted the services and/or materials. Under the circumstances herein, Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed were notified that ECA Students expected to be fully reimbursed and/or provided their programs and/or courses.

147. Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein,

Erin Shea and/or Stu Reed made or caused to be made multiple promises to ECA Students described herein.

148.  ECA Students reasonably and substantially relied on the promise(s) to their detriment.

149.  ECA Students' reliance was foreseeable by Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed.

150.  Injustice can be avoided only by enforcing Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed's promises to ECA Students. That is, the promise(s) to either (1) provide the paid-for course and/or programs, or (2) reimburse the full amount of each ECA Students' tuition.

151.  Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed directly benefitted from, and were unjustly enriched by, their misrepresentations.  Plaintiffs suffered damages from the acts and/or omissions described herein.

## VII. THIRD CAUSE OF ACTION
### (Negligent Misrepresentation)

### a. ECA Students' causes of action

152.  Paragraphs 1 through 151 are incorporated by reference.

153.  Through written materials and oral discussions, Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed represented or caused to represent that (1) ECA was closing only one-third of its nationwide campuses in the year 2019 and not sooner; (2) ECA Students had nothing to worry about; (3) ECA Students would be

reimbursed for all tuition if their campus closed before graduation; and (4) ECA Students withdrew from their program(s).  Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed guaranteed or caused to guarantee its consumers their campuses the above-mentioned representations.

154.    Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed's misrepresentations were made in the course of their business.

155.    Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed's misrepresentations were supplied and/or conveyed for the purpose of affecting ECA Students' financial decisions.

156.    Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed failed to exercise reasonable care and/or diligence in communicating their misrepresentations.

157.    Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed's misrepresentations were objectively material to the reasonable consumer, and therefore reliance upon such representations may be presumed as a matter of law.

158.    Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed intended that ECA Students would rely on these misrepresentations.

159.    ECA Students reasonably and justifiably relied to their detriment on Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed's misrepresentations.

160.    As a proximate result of Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed's misrepresentations, ECA Students were damaged in an amount to be proven at trial.

161.    Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed directly benefitted from, and were unjustly enriched by, their misrepresentations.  Plaintiffs suffered damages from the acts and/or omissions described herein.

### b. ECA Employees' causes of action

162.    Paragraphs 1 through 161 are incorporated by reference.

163.    Through written materials and oral discussions, Defendants Willis Stein & Partners, ECA, Avy Stein, Stu Reed, and/or Erin Shea represented or caused to represent that (1) ECA was financially stable in April 2018, (2) ECA Employees would be with a job until (at least) June 2019, and (3) ECA was closing only one-third of its nationwide campuses in the year 2019 and not sooner.  Defendants Willis Stein & Partners, ECA, Avy Stein, Stu Reed, and/or Erin Shea guaranteed or caused to guarantee its employees the above-mentioned representations.

164.    Defendants Willis Stein & Partners, ECA, Avy Stein, Stu Reed, and/or Erin Shea's misrepresentations were made in the course of their business.

165.    Willis Stein & Partners, ECA, Avy Stein, Stu Reed, and/or Erin Shea's misrepresentations were supplied and/or conveyed for the purpose of affecting ECA Employees' employment decisions.

166.    Defendants Willis Stein & Partners, ECA, Avy Stein, Stu Reed, and/or Erin Shea failed to exercise reasonable care and/or diligence in communicating their misrepresentations.

167.    Defendants Willis Stein & Partners, ECA, Avy Stein, Stu Reed, and/or Erin Shea's misrepresentations were objectively material to the reasonable employee, and therefore reliance upon such representations may be presumed as a matter of law.

168.    Defendants Willis Stein & Partners, ECA, Avy Stein, Stu Reed, and/or Erin Shea intended that ECA Employees would rely on these misrepresentations.

169.    ECA Employees reasonably and justifiably relied to their detriment on Defendants Willis Stein & Partners, ECA, Avy Stein, Stu Reed, and/or Erin Shea's misrepresentations.

170.    As a proximate result of Willis Stein & Partners, ECA, Avy Stein, Stu Reed, and/or Erin Shea's misrepresentations, ECA Employees were damaged in an amount to be proven at trial. Defendants Willis Stein & Partners, ECA, Avy Stein, Stu Reed, and/or Erin Shea directly benefitted from, and were unjustly enriched by, their misrepresentations.  ECA Employees suffered damages from the acts and/or omissions described herein.

### VIII. FOURTH CAUSE OF ACTION
**(Breach of fiduciary duty)**
*a. ECA Students' cause of action.*

171.    Paragraphs 1 through 170 are incorporated by reference.

172.    At all times relevant to this case, a fiduciary relationship created by law and/or contract existed between ECA Students and Defendants Willis Stein & Partners, Monroe Capital, ECA,

Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed.

173.    Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed breached their fiduciary duties to ECA Students when they abruptly closed down their campuses with no warning to ECA Students. ECA Students were stripped of their opportunity to complete and/or continue their programs.

174.    Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed's breach resulted in injury to ECA Students.  ECA Students lost thousands of dollars, promised job opportunities, and their education.

175.    Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed's benefitted from their breach by collecting the tuition paid for by ECA Students, while failing to provide the paid-for product and cutting overhead by closing down all operations.  Plaintiffs suffered damages from the acts and/or omissions described herein.

### b. ECA Employees' cause of action.

176.    Paragraphs 1 through 175 are incorporated by reference.

177.    At all times relevant to this case, a fiduciary relationship created by law and/or contract existed between ECA Employees and Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Stu Reed, Avy Stein, Erin Shea and/or Jackie Baumann.

178.    Moreover, employers owe employees a fiduciary duty during their employment.

179.    Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Stu Reed, Avy Stein, Erin Shea and/or Jackie Baumann breached their fiduciary duties to ECA Employees when they abruptly closed down their campuses with no warning to ECA Employees.  ECA Employees were stripped of their employment.

180.    Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Stu Reed, Avy Stein, Erin Shea and/or Jackie Baumann's breach resulted in injury to ECA Employees.  ECA Employees lost their jobs, thousands of dollars, and benefits.

181.    Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Stu Reed, Avy Stein, Erin Shea and/or Jackie Baumann benefitted from their breach by collecting the tuition paid for by ECA Employees, while failing to provide payments and/or salary to ECA Employees and cutting overhead by closing down all operations.  Plaintiffs suffered damages from the acts and/or omissions described herein.

### IX. FIFTH CAUSE OF ACTION
**(Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute's Violation of the Worker Adjustment and Retraining Notification Act ("WARN Act"))**

182.    Paragraphs 1 through 181 are incorporated by reference.

183.    ECA Employees were terminated as a result of the campus closures.  Each of the ECA Employees are similarly situated to Plaintiffs Marlene Burch and/or Rozephyr Jean in respect to his or her rights under the WARN Act.

184. Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute discharged ECA Employees, without cause on his or her part.

185. Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute were required by the WARN Act to give ECA Employees at least sixty (60) days prior written notice of their respective terminations.

186. Prior to their terminations, ECA Employees did not receive any written notice that complied with the requirements of the WARN Act.

187. At all relevant times, Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by 20 U.S.C. Section 2101 of WARN.

188. At all relevant times, Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute were an "employer," as that term is defined in 29 U.S.C. Section 2101(a)(1) of the WARN Act and 20 C.F.R. Section 639.3(a).

189. At all relevant times herein, ECA Employees were "employees" of Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute as defined by 29 U.S.C. Section 2101 of WARN.

190.     On or about December 5, 2018, Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute ordered a "plant closing" or "mass layoff" as defined in 29 U.S.C. Section 2101 (3).  The mass layoff of more than 50 workers at a single site of employment occurred when Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute ordered the closure of all Brightwood College campuses.  All Brightwood College campuses qualify as a "single site" of employment under the WARN Act because all campuses share some connection between sites beyond that of common ownership.

191.     ECA Employees are "affected employees" as defined by 29 U.S.C. Section 2101 of WARN Act.

192.     Pursuant to Section 2102 of WARN Act, Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute were required to provide ECA Employees at least sixty (60) days prior written notice of their terminations.

193.     Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute failed to give at least sixty (60) days prior written notice to ECA Employees of their terminations, in violation of WARN Act.

194.     Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute failed to pay ECA Employees their respective wages for sixty (60) working days following their respective terminations.

195.    As a result of Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute's failure to pay the wages, ECA Employees were damaged in an amount equal to the sum of the members' unpaid wages which would have been paid for a period of sixty (60) days after the date of the members' terminations.  Plaintiffs suffered damages from the acts and/or omissions described herein.

### X. SIXTH CAUSE OF ACTION
**(Violations of the Texas Deceptive Trade
Practices Consumer Protection Act ("DTPA"))**

196.    Paragraphs 1 through 195 are incorporated by reference.

197.    Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed's conduct constitutes multiple violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA").   TEX. BUS. & COM. CODE §17.41-17.63.   All violations of this chapter are made actionable by TEX. BUS. & COM. CODE §17.50(a)(1).

198.    At all material times, ECA Students in Texas, were "consumers" as defined in TEX. BUS. & COM. CODE §17.45(4).

199.    Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed's failure to disclose information concerning goods or services, as described above, which was known at the time of the transaction, and which was intended to induce ECA Students into a transaction that ECA Students would not have entered had the information been disclosed, constitutes a false, misleading, or deceptive act and practice TEX. BUS. & COM. CODE

§17.46(b)(2). These acts/omissions were both relied upon by the ECA Students to their detriment and were the producing cause of the ECA Students' economic damages. Tex. Bus. & Com. Code 17.50(a).

200.     Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed's misrepresentations and omissions, as described above, caused confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services, constitutes a false, misleading, or deceptive act and practice.  TEX. BUS. & COM. CODE §17.46(b)(7). These acts/omissions were both relied upon by the ECA Students to their detriment and were the producing cause of the ECA Students' economic damages. Tex. Bus. & Com. Code 17.50(a).

201.     Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed's advertising goods or services with intent not to sell them as advertised, constitutes as a false, misleading, or deceptive act and practice.  TEX. BUS. & COM. CODE §17.46(b)(9). These acts/omissions were both relied upon by the ECA Students to their detriment and were the producing cause of the ECA Students' economic damages. Tex. Bus. & Com. Code 17.50(a).

202.     Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed's misrepresentations that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law, constitutes as a false, misleading, or deceptive act and practice.  TEX. BUS. & COM. CODE §17.46(b)(12). These acts/omissions were both relied upon by the ECA Students to their detriment and were the producing cause of the ECA Students' economic damages. Tex. Bus. & Com. Code 17.50(a).

203.    Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed's failure to disclose information concerning goods or services, as described above, which was known at the time of the transaction, and which was intended to induce ECA Students into a transaction into which ECA Students would not have entered had the information been disclosed, constitutes a false, misleading, or deceptive act and practice. TEX. BUS. & COM. CODE §17.46(b)(24). These acts/omissions were both relied upon by the ECA Students to their detriment and were the producing cause of the ECA Students' economic damages. Tex. Bus. & Com. Code 17.50(a).

204.    Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed breached an express warranty made to ECA Students that was the producing cause of economic damages suffered by the ECA Students. Tex. Bus. & Com. Code § 17.50(a)(2).

205.    Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed engaged in acts or practices which, to the ECA Students' detriment, took advantage of the lack of knowledge, ability, experience, or capacity of the consumers to a grossly unfair degree. Tex. Bus. & Com. Code § 17.45(5).

206.    As a result of Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed's noncompliance with the DTPA, ECA Students are entitled to economic damages, which include the amount of the benefits wrongly withheld.

207. For knowing conduct violations, with regard to these breaches of duty, ECA Students ask for three times their economic damages.

208. For intentional conduct violations – with regard to these breaches of duty – ECA Students are entitled to their economic damages. As such, ECA Students ask for three times the amount of economic damage incurred. ECA Students are also entitled to court costs and attorney's fees. TEX. BUS. & COM. CODE ANN. §17.50(b)(1). Plaintiffs suffered damages from the acts and/or omissions described herein.

## XI. SEVENTH CAUSE OF ACTION
**(Violations of FEDERAL RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (Racketeering or "RICO") (Title 18, United States Code, Sections 1961, et. seq.))**

209. Paragraphs 1 through 208 are incorporated by reference.

210. Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed constitute an "enterprise" engaged in and affecting interstate and foreign commerce, operating in Texas and throughout the United States. Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed engaged in a pattern of racketeering activities described herein through such enterprise causing damage and injury to ECA Students through the use of wires, radio, television promotions, internet marketing, and the U.S. mail, as well as other fraudulent schemes and artifices to defraud. Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed conspired with others, including legal counsel, who was willing and agreed to participate in the scheme and fraudulent conduct. Additionally, each acted as the agent and on behalf of the other,

with Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, and/or Stu Reed ratifying the acts and conduct of its co-conspirators. Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed and its co-conspirators acted in concert, as joint tortfeasors.  For specifically, Avy Stein, Stu Reed and/or Erin Shea directed the campus presidents and the curriculum to be used for all Brightwood and Virginia College campuses.

211.   Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed violated Title 18 U.S.C. Section 1962(a) by receiving money directly and indirectly from a pattern of racketeering activity and used or invested, directly or indirectly, a part of such income or the proceeds of such income, in acquisition of an interest in, or the establishment or operation of, an enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce. Additionally, Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed conducted or participated, directly and indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity, and conspired to violate the RICO statutes through the use of wire fraud and mail fraud.  More specifically, Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed accepted wire money transfers from ECA Students and/or the federal

government for tuition and/or other expenses knowing the campuses would close before program completion.

212.     On more than two occasions, and over a period of more than four years prior to the filing of this action, Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed engaged in mail fraud and wire fraud by transmitting and causing fraudulent information to be sent electronically, by mail, and by telephone to persons in Texas. These mailings and the use of wires and electronic transmissions as part of the scheme of fraud constitute a "pattern of racketeering activities" as defined in Title 18, U.S.C., Section 1961.

213.     As a proximate and direct result of Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed's wrongful acts and conduct, ECA Students have sustained damages. ECA Students defrauded by Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed's scheme and fraud are entitled to treble damages, costs of suit, and reasonable attorneys' fees pursuant to Title 18 U.S.C., Section 1964(c). Plaintiffs suffered damages from the acts and/or omissions described herein.

## XII. EIGHTH CAUSE OF ACTION
### (Unjust Enrichment)

214.     Paragraphs 1 through 213 are incorporated by reference.

215.     A party cannot induce, accept or encourage another to furnish or render something of value to such party and avoid payment for the value received.

216.    As a result of the conduct described above, Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Avy Stein, Erin Shea and/or Stu Reed have been, and will continue to be, unjustly enriched at the expense of Plaintiffs, ECA Students, and ECA Employees.

217.    Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Avy Stein, Erin Shea and/or Stu Reed have received, and are holding, funds belonging to Plaintiffs, ECA Students, and ECA Employees, which in equity Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Avy Stein, Erin Shea and/or Stu Reed should not be permitted to keep but should be required to refund Plaintiffs, ECA Students, and ECA Employees. Plaintiffs suffered damages from the acts and/or omissions described herein.

## XIII. NINTH CAUSE OF ACTION
### (Conspiracy Claims)

218.    Paragraphs 1 through 217 are incorporated by reference.

219.    Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed were members of a combination of two or more persons.

220.    The purpose to the combination was to defraud ECA Students for monetary gain. Specifically, Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed conspired to collect federal student loan money, Pell Grant money, and GI Bill money despite knowing (1) the campus closures were coming earlier than announced; (2) ECA students would not be able to complete their program by the date of campus closures; (3) the charges were not for what they intended; (4) the students' money would be retained by one or more defendants without return to the students, or provision of adequate education or services in return; and (5) other matters known to defendants and concealed from Plaintiffs.

221.     Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed had a meeting of the minds to defraud ECA Students and commit the above-mentioned acts.   Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed had knowledge of and agreed to the purpose of the conspiracy.

222.     Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed committed an unlawful, overt act to further defraud ECA Students by charging and/or receiving funds from the federal government in the form of student loans, Pell Grant money and/or GI Bill benefits.

223.     ECA Students and others suffered damages as a proximate result of Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Ecotech Institute, Avy Stein, Erin Shea and/or Stu Reed's wrongful act underlying the conspiracy.

224.     Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, Avy Stein, Erin Shea and/or Stu Reed are jointly and severally liable to ECA Students for the conspiracy.

225.     ECA Students and others have sustained actual damages as a result of the co-conspirators' fraudulent behavior.   Plaintiffs and others suffered damages from the acts and/or omissions described herein.

## XVI. TENTH CAUSE OF ACTION
### (Joint Enterprise)

226.    Paragraphs 1 through 225 are incorporated by reference.

227.    Defendants Willis Stein & Partners, ECA, Virginia College, LLC, Avy Stein, and/or Stu Reed were members of a joint venture.

228.    Defendants Willis Stein & Partners, ECA, Virginia College, LLC, Avy Stein, and/or Stu Reed were engaged in a joint enterprise because they have (1) an express and/or implied agreement amongst each other; (2) a common purpose to be carried out; (3) a community of pecuniary interest in that common purpose; and (4) an equal right to direct and control the enterprise.

229.    Willis Stein & Partners committed several torts against Plaintiffs while acting within the scope of the enterprise, including but not limited to: (1) fraudulent misrepresentations; (2) negligent misrepresentation; (3) financial fraud; (4) breach of fiduciary duty; (5) breach of the covenant of good faith and fair dealing; and/or (6) conspiracy.

230.    Defendant ECA committed several torts against Plaintiffs while acting within the scope of the enterprise, including but not limited to: (1) fraudulent misrepresentations; (2) negligent misrepresentation; (3) financial fraud; (4) breach of fiduciary duty; (5) breach of the covenant of good faith and fair dealing; and/or (6) conspiracy.

231.    Defendant Virginia College, LLC committed several torts against Plaintiffs while acting within the scope of the enterprise, including but not limited to: (1) fraudulent misrepresentations; (2) negligent misrepresentation; (3) financial fraud; (4) breach of fiduciary duty; (5) breach of the covenant of good faith and fair dealing; and/or (6) conspiracy.

232.    Defendants Avy Stein committed several torts against Plaintiffs while acting within the scope of the enterprise, including but not limited to: (1) fraudulent misrepresentations; (2) negligent misrepresentation; (3) financial fraud; (4) breach of fiduciary duty; (5) breach of the covenant of good faith and fair dealing; and/or (6) conspiracy.

233. Defendant Stu Reed committed several torts against Plaintiffs while acting within the scope of the enterprise, including but not limited to: (1) fraudulent misrepresentations; (2) negligent misrepresentation; (3) financial fraud; (4) breach of fiduciary duty; (5) breach of the covenant of good faith and fair dealing; and/or (6) conspiracy.

234. Each party involved in an enterprise is considered an agent of the other and becomes liable for the negligent acts of the other. Thus, Defendants Willis Stein & Partners, ECA, Virginia College, LLC, Avy Stein, and/or Stu Reed are liable for each other's negligence under the theory of joint enterprise.

235. Plaintiffs sustained actual damages as a result of the joint venture's fraudulent behavior. Plaintiffs and others suffered damages from the acts and/or omissions described herein

## XVII. ELEVENTH CAUSE OF ACTION
### (Class Action Claims)

236. Paragraphs 1 through 235 are incorporated by reference.

237. Plaintiffs Karina Garcia, Maria Mata, Chloe Brooks, Anita Trevino, Karlene Carpenter, Tanisha Williams, Samuel Torres bring this action as a class action pursuant to Rules 23(a) and 23(b) of the FEDERAL RULES OF CIVIL PROCEDURE. Plaintiffs Karina Garcia, Maria Mata, Chloe Brooks, Anita Trevino, Karlene Carpenter, Tanisha Williams, Samuel Torres seek to represent a group of similarly situated persons (ECA Students), who purchased and/or enrolled in, one of the various courses and/or programs offered by Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute which were prematurely terminated due to Defendants' campus closures.

238. Plaintiffs Marlene Burch, Rozephyr Jean bring this action as a class action pursuant to Rules 23(a) and 23(b) of the FEDERAL RULES OF CIVIL PROCEDURE. Plaintiffs Marlene Burch, Rozephyr Jean seek to represent a group of similarly situated persons (ECA Employees), who

worked and/or taught, at one of the various campuses offered by Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute which were prematurely terminated due to Defendants' campus closures.

239.    ECA Students and ECA Employees (hereinafter referred to as the "Class" and/or "Class Members") include a class of "students" who purchased course(s) and/or programs from Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute and a class of "employees" who were terminated after Defendants Willis Stein & Partners, Monroe Capital, ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Virginia College, and/or Ecotech Institute closed down all of its operations.  These classes and sub-classes are further defined as follows:

**ECA Students** – All students or enrollees of ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Ecotech Institute, and/or Virginia College who paid, or caused to be paid, for a course and/or program from ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Ecotech Institute, and/or Virginia College, but did not receive that full course and/or program as a result of the December 5, 2018 closing.

**ECA Employees** – All persons who were employees of ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Ecotech Institute, and/or Virginia College at the time of the December 5, 2018 closing.

240.     Each of these above-identified proposed class actions may be properly maintained as a class action pursuant to FEDERAL RULE OF CIVIL PROCEDURE 23 because there is a well-defined community of interest in this litigation and each proposed class is easily ascertainable.

241.     Plaintiffs do not know the exact size of each of the above-identified proposed classes, but, given the nature of the claims, and publicly available data with respect to the number of students enrolled in ECA, Virginia College, LLC, Brightwood College, Brightwood Career Institute, Ecotech Institute, and/or Virginia College, based upon good faith information and belief, Plaintiffs plead that the ECA Students and ECA Employees as to each class, are so numerous that joinder of all members of these classes is impracticable.

242.     This action involves common questions of law and fact as to each potential class because each Class Member's claim derives from the same alleged deceptive and wrongful scheme and conduct. The common questions of law and fact involved predominate over questions that affect only Plaintiffs or only the individual Proposed Class Members in each proposed class. Thus, proof of a common set of facts will establish the right of each member of the Class to recover. Among the questions of law and fact common to each proposed class are the following:

      a.     Whether Defendants engaged in unlawful, unfair or deceptive business practices and/or fraud by falsely advertising, promoting, and fraudulently inducing Plaintiffs Karina Garcia, Maria Mata, Chloe Brooks, Anita Trevino, Karlene Carpenter, Tanisha Williams, Samuel Torres and the ECA Students to purchase their respective courses and/or programs.

      b.     Whether Defendants omitted or misrepresented material facts in connection with advertising, promotion and sale of the courses and/or programs at issue.

      c.     Whether Defendants omitted or misrepresented material facts in connection with the closure of campuses.

      d.     Whether Plaintiffs Karina Garcia, Maria Mata, Chloe Brooks, Anita Trevino, Karlene Carpenter, Tanisha Williams, Samuel Torres and the class of ECA Students, having paid, or caused to be paid, tuition in reliance upon the false and

fraudulent advertisements and representations of Defendants, are entitled to judicial relief, including the restitution of the tuition paid along with any other damages.

e.    Whether Plaintiffs Karina Garcia, Maria Mata, Chloe Brooks, Anita Trevino, Karlene Carpenter, Tanisha Williams, Samuel Torres and the ECA Students are entitled to recovery from Defendants of damages for breach of contract resulting from Defendants' immediate and/or premature closure of all campuses.

f.    Whether Plaintiffs Karina Garcia, Maria Mata, Chloe Brooks, Anita Trevino, Karlene Carpenter, Tanisha Williams, Samuel Torres and the ECA Students are entitled to recovery from Defendants of damages for breach of the covenant of good faith and fair dealing resulting from Defendants' immediate and/or premature closure of all campuses.

h.    Whether Plaintiffs Karina Garcia, Maria Mata, Chloe Brooks, Anita Trevino, Karlene Carpenter, Tanisha Williams, Samuel Torres and the ECA Students are entitled to recovery from Defendants of damages for Defendants' bad faith in Defendants' immediate and/or premature closure of all campuses.

i.    Whether Plaintiffs Marlene Burch, Rozephyr Jean and the ECA Employees, being terminated as a result of the campus closures, are entitled to judicial relief, including the wages owed through each respective program and/or course.

j.    Whether Plaintiffs Marlene Burch, Rozephyr Jean and the ECA Employees, being terminated as a result of the campus closures, are entitled to damages under the WARN Act for the Defendants' failure to provide proper notice.

243.    Plaintiffs Karina Garcia, Maria Mata, Chloe Brooks, Anita Trevino, Karlene Carpenter, Tanisha Williams, Samuel Torres and the ECA students claims are typical of the claims of the members of each Class because Plaintiffs Karina Garcia, Maria Mata, Chloe Brooks, Anita Trevino, Karlene Carpenter, Tanisha Williams, Samuel Torres and the ECA students purchased one of Defendants' courses and/or programs and were denied the ability to complete said courses and/or programs.  Plaintiffs Karina Garcia, Maria Mata, Chloe Brooks, Anita Trevino, Karlene Carpenter, Tanisha Williams, Samuel Torres and the ECA students sustained similar injuries arising out of Defendants' conduct which took place in Texas and in violation of Texas, and/or Federal, law. Plaintiffs Karina Garcia, Maria Mata, Chloe Brooks, Anita Trevino, Karlene Carpenter, Tanisha Williams, Samuel Torres and the ECA students sustained the same or

substantially similar injuries and damages as the result of Defendants' conduct in violation of Texas, and/or Federal law. The injuries and damages of Plaintiffs and each class member in their respective classes were a direct and proximate result of Defendants' wrongful conduct in violation of law as herein alleged.

244. Plaintiffs Marlene Burch, Rozephyr Jean and the ECA Employees claims are typical of the claims of the members of each Class because Plaintiffs Marlene Burch, Rozephyr Jean and the ECA Employees agreed to work for Defendants and were denied the opportunity to work as a result of the campus closures. Plaintiffs Marlene Burch, Rozephyr Jean and the ECA Employees sustained similar injuries arising out of Defendants' conduct which took place in Texas and in violation of Texas, and/or Federal, law. Plaintiffs Marlene Burch, Rozephyr Jean and the ECA Employees sustained the same or substantially similar injuries and damages as the result of Defendants' conduct in violation of Texas, and/or Federal, law. The injuries and damages of Plaintiffs and each class member in their respective classes were a direct and proximate result of Defendants' wrongful conduct in violation of law as herein alleged.

245. Plaintiffs will fairly and adequately protect the interests of each Class. Plaintiffs have no interests that conflict with or are antagonistic to the interests of the classes' members. Plaintiffs have retained highly competent and experienced class action attorneys to represent his interests and those of the members of each Class. Plaintiffs' counsel has the necessary financial resources to adequately and vigorously litigate this class actions, including associating with other counsel as necessary, and Plaintiffs and counsel are aware of their fiduciary responsibilities to the members of each class and will diligently discharge those duties by seeking the maximum possible recovery for each Class.

246.    There is no plain, speedy or adequate remedy other than by maintenance of this class action. The prosecution of individual remedies by members of each Class will tend to establish inconsistent standards of conduct for Plaintiffs and result in the impairment of each Class member's rights and the disposition of their interests through actions to which they were not parties. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Further, the expense and burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. Class treatment of common questions of law and fact would also be superior to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the Court and the litigants, and will promote consistency and efficiency of adjudication.

247.    The prerequisites to maintaining a class action for injunctive or equitable relief, including restitution, pursuant to FEDERAL RULES OF CIVIL PROCEDURE Rule 23(b)(2) are met as Defendants have acted or refused to act on grounds generally applicable to each Class, thereby making appropriate final injunctive or equitable relief with respect to each Class as a whole.

248.    The prerequisites to maintaining a class action pursuant to FEDERAL RULE OF CIVIL PROCEDURE Rules 23(a) and (b)(3) are met as questions of law or fact common to each class member predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

249.    Plaintiffs' counsel are unaware that Defendants may or are likely to claim that the class action cannot be maintained because the management of this action would preclude its

maintenance as a class action. Plaintiffs' counsel submit that the class action can be maintained because the information necessary to manage the class action is available, including, but not limited to the following:

a. Defendants had, or have access to, the names, addresses and contact information for all affected proposed Class Members, which may be used for the purpose of providing notice of the class action.

b. The amount of tuition paid by each ECA Students class member for each member's respective course and/or program, along with the dates of each payment made are available through the files and records of Defendants.

c. The amount of wages paid to each ECA Employees class member for each member's respective course and/or program, along with the dates of each payment made are available through the files and records of Defendants.

250.  Plaintiffs' counsel knows of no difficulty to be encountered in the maintenance of this action so as to preclude its maintenance as a class action.

251.  With respect to restitution as sought in this action for payment of tuition, the remedy of restitution of monies paid for products which are falsely advertised and promoted is well-established including by the Fifth Circuit and the Texas Supreme Court. Defendants' records will identify each class member, the exact amount of tuition and/or wages paid, and the dates such payments were made.

252.  In sum, Plaintiffs will fairly and adequately protect and represent the interests of the Classes. Plaintiffs' interests are aligned with, and not antagonistic to, the interests of the Classes.

## XVIII. JURY DEMAND

253.  Plaintiffs hereby demand a trial by jury as to all claims so triable, including their individual claims and their individual relief including exemplary, punitive, and statutory damages, and with respect to all factual issues relating to the actions brought on behalf of Plaintiffs and the Class Action.

## XIX.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, pray for judgment against Defendants, as follows:

### *Class Action Claims*

A.     For an order certifying this case as a distinct Class Action under Rules 23(a) and 23(b) of the FEDERAL RULES OF CIVIL PROCEDURE and appointing Plaintiffs and their counsel to represent each Class as described hereinabove;

B.     For an order requiring Defendants to disclose to Plaintiffs' counsel the name, address, telephone number, and school location of all persons potentially within this Class and Sub-class as described hereinabove;

C.     For an order requiring Defendants, at Defendants' expense, to bear the expense of the preparation, mailing or other means of transmittal, and all administrative costs associated with the provision of notice (the substance of such notice to be approved by the Court) to potential members of the Class and Sub-class as described hereinabove;

D.     For an order awarding all relief deemed appropriate and proper by the Court pursuant to Texas and federal law, and any other applicable law;

E.     For an injunction and order requiring Defendants to immediately cease and desist from destroying or deleting any student or other relevant information, or making further misrepresentations to Plaintiffs and the proposed class;

F.     For an order awarding Plaintiffs attorneys' fees and costs from Defendants;

G.     For an order awarding Plaintiffs general, special, compensatory, nominal, treble, and/or punitive damages against Defendants;

H.      For an order awarding Plaintiffs pre- and post-judgment interest; and

I.      For an order providing such further relief, including if applicable injunctive relief, restitution, disgorgement and return of funds collected, and all such other and additional relief as this Court deems proper, at law or in equity, to which Plaintiffs or the proposed class may justly be entitled.

*Individual Claims of Plaintiffs*

WHEREFORE, Plaintiffs, individually, pray for judgment on their individual claims as follows:

A.      For general and special damages according to proof at trial;

B.      For general, special, nominal, and compensatory damages including, but not limited to,  mental and emotional distress in an amount according to proof;

C.      For punitive damages to be awarded to Plaintiffs in an amount appropriate to punish and set an example of Defendants to deter further misconduct;

D.      For interest on the actual damages at the legal rate from January __, 2019;

E.      For costs of suit and reasonable attorneys' fees as permitted by law; and

F.      For such other and further relief, including if applicable injunctive relief, restitution, return of tuition, and further relief as the Court may deem just and proper.

G.      For an order providing such further relief, including if applicable injunctive relief, restitution, disgorgement and return of funds collected, and all such other and additional relief as this Court deems proper, at law or in equity, to which Plaintiffs or the proposed class may justly be entitled.

Date:   February 8, 2019.

Respectfully submitted,

**THE FERGUSON LAW FIRM, LLP**

*/s/ Mark C. Sparks*
Mark Sparks
Texas Bar No. 24000273
mark@thefergusonlawfirm.com
Timothy M. Ferguson
Texas Bar No. 24099479
tferguson@thefergusonlawfirm.com
350 Pine Street, Suite 1440
Beaumont, Texas 77701
(409) 832-9700 Phone
(409) 832-9708 Fax

and:

**BAILEY REYES, PLLC**

Christopher A. Bailey
Texas Bar No. 24104549
chris@baileyreyes.com
Julliana Reyes
Texas Bar No. 24103899
julie@baileyreyes.com
470 Orleans Street, Suite 950
Beaumont, Texas 77701
(409) 239-0123 Phone
(409) 895-2363 Fax

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record in accordance with the Texas Rules of Civil Procedure on this, the 8th day of February, 2019.

*/s/ Mark C. Sparks*
Mark C. Sparks