FILED
2018 Oct-27 PM 04:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EDUCATION CORPORATION OF AMERICA, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 2:18-cv-01698-AKK |
| UNITED STATES DEPARTMENT OF EDUCATION, *et al.* | ) ) ) | |
| Defendants. | ) ) ) | |

### THIRD PARTY KAPLAN'S MEMORANDUM IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION FOR RECEIVER AND PRELIMINARY INJUNCTION

On October 19, 2018, this Court entered a temporary restraining order in the above matter (the "Order"). (Dkt. 12.) The Order scheduled a hearing on Plaintiffs' emergency motion to appoint a receiver and for a preliminary injunction for October 29, 2018, and invited any affected parties to attend and participate. *Id.* As affected parties, Kaplan, Inc. and Kaplan Higher Education, LLC (together, "Kaplan") respectfully submit this memorandum in support of Plaintiffs' emergency motion.

### FACTS

Kaplan, among other things, provides higher education services. *See* Declaration of Yael D. Aufgang, attached as Exhibit 1, at ¶ 3. In 2015, Kaplan entered into a Purchase and Sale Agreement ("Agreement") with Plaintiff Education

Corporation of America ("ECA") whereby Kaplan sold certain assets to ECA, including certain education institutions across the country. *Id.* ¶ 4. As part of the sale, Kaplan assigned to ECA approximately 49 real estate leases that span approximately 12 states. *Id.* ¶ 5. Through these assignments, an ECA entity replaced a Kaplan entity as the tenant on the lease and the ECA entity assumed the rent obligations going forward. *Id.*

The Agreement required ECA to use commercially reasonable efforts to replace Kaplan as the guarantor on any lease that Kaplan had guaranteed. *Id.* ¶ 6. Under the Agreement, ECA must indemnify Kaplan to the extent Kaplan incurs any losses arising out of or relating to any guaranty. *Id.* The Agreement defines "losses" broadly to include, among other things, any attorneys' fees and costs that Kaplan may incur. *Id.* The Agreement further provides that: (1) in no event shall Kaplan be required to maintain any guaranty beyond the existing term of the lease at the time of the Agreement; and (2) in no event can ECA execute or renew any lease that purports to extend a Kaplan guaranty beyond the existing term at the time of the Agreement. *Id.* Despite these provisions, ECA has purported to renew, and purported to extend Kaplan's alleged guaranty, on approximately six leases in clear breach of the Agreement. *Id.*

At least one landlord has sued Kaplan as the purported guarantor seeking to accelerate all rent due under the lease, after the ECA entity allegedly failed to pay

October rent. *Id.* ¶ 7. Another landlord in a different state has threatened suit against Kaplan on similar grounds. *Id.* Kaplan has and will continue to incur attorneys' fees and costs for the filed and threatened suits, and anticipates additional suits from landlords across the country, if ECA is not appointed a receiver and does not resume paying rent under the leases at issue. *Id.* Kaplan has sent indemnification notices to ECA for the leases identified above and others where Kaplan has received a notice of default by the ECA tenant. *Id.* ¶ 8. Kaplan will continue to serve indemnification notices to ECA as any further claims arise or as Kaplan experiences any further losses arising out of a purported guaranty. *Id.*

## **LEGAL STANDARDS**

A "district court has broad discretion in appointing a receiver." *Canada Life Assur. Co. v. LaPeter*, 563 F.3d 837, 845 (9th Cir. 2009). Although this Court "may consider a host of relevant factors . . . no one factor is dispositive." *Id.* Indeed, this Court has "authority to appoint a receiver regardless of [any] factors." *Id*. *See also, e.g.*, *Liberte Capital Grp., LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006); *Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 241 (5th Cir. 1997). A district court's decision to appoint a receiver "will not be disturbed unless there is a clear abuse of sound judicial discretion." *Consol. Rail Corp. v. Fore River Ry. Co.*, 861 F.2d 322, 326 (1st Cir. 1988).

A "receiver's role, and the district court's purpose in the appointment, is to safeguard [] disputed assets, administer the property as suitable, and to assist the district court in achieving a final, equitable distribution of the assets if necessary." *Liberte Capital*, 462 F.3d at 551. *See also, e.g., Matter of McGaughey*, 24 F.3d 904, 907 (7th Cir. 1994) ("[T]he primary consideration in determining whether to appoint a receiver is the necessity to protect, conserve and administer property pending final disposition of a suit.").

Staying litigation by non-parties is common and necessary in a receivership proceeding. "A receiver must be given a chance to do the important job of marshaling and untangling a company's assets without being forced into court by every investor or claimant." *U.S. v. Acorn Tech. Fund, L.P.*, 429 F.3d 438, 443 (3d Cir. 2005). *See also Liberte Capital*, 462 F.3d at 551 (court's power to stay third party claims "extends to the institution of any suit, and not just a proceeding for execution of a judgment against the receivership in the receivership court."). The power to enjoin claims stems from a district court's "broad powers and wide discretion to determine relief in an equity receivership." *S.E.C. v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992). *See also, e.g., Bien v. Robinson*, 208 U.S. 423, 428 (1908) (federal receivership court may enjoin suits by non-parties). The court's equitable powers in a receivership proceeding extend beyond "statutory bankruptcy proceedings or [any] other legislated domain." *Liberte Capital*, 462 F.3d at 551.

# ARGUMENT

I. **This Court Should Exercise Its Broad Discretion and Grant Plaintiffs' Emergency Motion.**

In ECA's emergency motion (Dkt. 2), ECA makes certain representations about its financial distress and restructuring plan. Based on those representations, Kaplan supports entry of Plaintiffs' proposed Order Appointing Receiver and for Injunctive Relief (the "Proposed Order," Dkt. 2-1.) Granting the Proposed Order would help protect Plaintiffs' over 20,000 students. It would also help ECA's landlords, creditors, and guarantors by creating an organized and equitable forum to resolve intertwined and competing claims, as opposed to litigating them across the country and generating unnecessary burden and indemnification claims against ECA.

ECA's failure to keep current with its rent obligations has already caused some landlords to file and threaten suit against ECA as lessor and against Kaplan as a purported guarantor. This Court properly stayed those claims in its October 19 Order (Dkt. 12). Nothing has happened in the interim to negate an extension of that stay. An extension of the stay, as laid out in the Proposed Order, would be an equitable and proper exercise of this Court's broad discretion. It would allow the receiver to stabilize relationships between and among ECA, landlords, and any purported guarantors, while ECA implements its proposed restructuring plan and resumes paying rent under the leases at issue, an outcome that will benefit all parties. Without a receiver and stay, landlords will likely continue to file suit against ECA

- 5 -

or its purported guarantor(s) across the country, resulting in substantially greater indemnification claims against ECA than if a stay were in place.

## CONCLUSION

For the foregoing reasons, Kaplan respectfully requests that the Court grant Plaintiffs' emergency motion and enter the Proposed Order.

Respectfully submitted on October 27, 2018.

/s/ Joe A. Joseph
Joe A. Joseph
Burr Forman LLP
420 North 20th Street
Suite 3400
Birmingham, Alabama 35203
Telephone: +1.205.251.3000
Facsimile: +1.205.244.5637

Counsel for Third Parties Kaplan, Inc.
and Kaplan Higher Education, LLC

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing document has been served by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, on this the 27th day of October 2018:

Ollie A Cleveland, III
John Leland Murphree
Ryan D Thompson
MAYNARD COOPER & GALE PC
1901 Sixth Avenue North, Suite 2400
Birmingham, AL 35203-2618
Email:   tcleveland@maynardcooper.com
         lmurphree@maynardcooper.com
         rthompson@maynardcooper.com

Jonathan Edward Jacobson
Danielle A Pham
U.S. DEPARTMENT OF JUSTICE
1100 L St NW, Rm 7022
Washington, DC 20007
Email:   jonathan.e.jacobson@usdoj.gov
         danielle.pham@usdoj.gov

Mary Lester Marshall
Lane H Woodke
United States Attorneys Office
1801 Fourth Avenue North
Birmingham, AL 35203
Email:   Margaret.marshall@usdoj.gov
         lane.woodke@usdoj.gov

Benjamin S Boyd
DLA PIPER LLP
500 Eighth Street, NW
Washington, DC 20004
Email:   benjamin.boyd@dlapiper.com

Stuart M Brown
DLA PIPER, LLP (US)
1201 N Market Street
Suite 2100
Wilmington, DE 19801
Email:   stuart.brown@dlapiper.com

Charles Walton Prueter
WALLER LANSDEN DORTCH & DAVIS LLP
1901 Sixth Avenue North Suite 1400
Birmingham, AL 35203
Email:   charles.prueter@wallerlaw.com

                  /s/ Joe A. Joseph
                  OF COUNSEL

Case 1:18-cv-00621-MAC Document 5-2 Filed 02/08/19 Page 8 of 11 PageID #: 121
Case 2:18-cv-01698-AKK Document 29-1 Filed 10/29/18 Page 1 of 4
FILED
2018 Oct-27 PM 04:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EDUCATION CORPORATION OF AMERICA, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 2:18-cv-01698-AKK |
| UNITED STATES DEPARTMENT OF EDUCATION, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

### DECLARATION OF YAEL D. AUFGANG

I, Yael D. Aufgang, declare under penalty of perjury as follows:

1. I am over the age of eighteen and am competent to testify.

2. I am employed by Kaplan, Inc. (collectively, with Kaplan Higher Education, LLC, "Kaplan") and hold the title of Deputy General Counsel. I have personal knowledge of the statements made in this declaration based on my employment in this capacity.

3. Kaplan, among other things, is a provider of higher education services.

4. In 2015, Kaplan entered into a Purchase and Sale Agreement ("Agreement") with plaintiff Education Corporation of America ("ECA") whereby Kaplan sold certain assets to ECA, including the rights to certain education institutions spread across the country.

5. As part of the sale, Kaplan assigned to ECA approximately 49 real estate leases that span approximately 12 states. Through these assignments, an ECA entity replaced a Kaplan entity as the tenant on the lease and the ECA entity assumed the rent obligations going forward.

6. The Agreement required ECA to use commercially reasonable efforts to replace Kaplan as the guarantor on any lease that Kaplan had guaranteed. Under the Agreement, ECA must indemnify Kaplan to the extent Kaplan incurs any losses arising out of or relating to any guaranty. The Agreement defines "losses" broadly to include, among other things, attorneys' fees and costs. The Agreement further provides that: (1) in no event shall Kaplan be required to maintain any guaranty beyond the existing term of the lease at the time of the sale; and (2) in no event can ECA execute or renew any lease that purports to extend a Kaplan guaranty beyond the existing term at the time of the sale. Despite these provisions, ECA has purported to renew, and purported to extend Kaplan's alleged guaranty, on approximately six real estate leases in clear breach of the Agreement.

7. At least one landlord has sued Kaplan as the purported guarantor seeking to accelerate all rent due under the lease, after the ECA tenant allegedly failed to pay October rent. Another landlord in a different state has threatened suit against Kaplan on similar grounds. Kaplan has incurred attorneys' fees for the filed and threatened suits, and anticipates additional suits from landlords across the

country if ECA is not appointed a receiver and/or does not resume paying rent under the leases at issue.

8. Kaplan has sent indemnification notices to ECA for the leases identified above and others where Kaplan has received a notice of default by the ECA tenant. Kaplan will continue to serve indemnification notices to ECA as any further claims arise or as Kaplan experiences any further losses arising out of a purported guaranty.

I declare under penalty of perjury that the above statements are true and correct.

Dated: October 27, 2018

s/ Yael D. Aufgang<br>Yael D. Aufgang