IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| KARINA GARCIA, MARIA MATA, CHLOE BROOKS, ANITA TREVINO, KARLENE CARPENTER, TANISHA WILLIAMS, SAMUEL TORRES, MARLENE BURCH, and ROZEPHYR JEAN, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIS STEIN & PARTNERS, L.L.C., MONROE CAPITAL, LLC, EDUCATION CORPORATION OF AMERICA, VIRGINIA COLLEGE, LLC, BRIGHTWOOD COLLEGE, BRIGHTWOOD CAREER INSTITUTE, VIRGINIA COLLEGE, ECOTECH INSTITUTE, STUART C. REED, AVY HOWARD STEIN, THEODORE KOENIG, JACKIE BAUMANN, and ERIN SHEA, <br><br> Defendants. | CIVIL ACTION NO.: <br><br> 1:18-CV-00621 |

## VC DEFENDANTS' OPPOSED MOTION TO STAY DISCOVERY

Defendants Education Corporation of America ("ECA"), Virginia College, LLC ("Virginia College"), and Stuart C. Reed (collectively, the "VC Defendants"), by and through undersigned counsel, submit this Motion to Stay Discovery, including the parties' Rule 26(f) obligations, pending a ruling from the Court on the VC Defendants' Motion to Compel Arbitration and to Strike Class Claims. In support of this Motion, the VC Defendants state as follows:

## PROCEDURAL HISTORY

1.  On December 12, 2018, Plaintiffs filed a Class Action Complaint for Damages in this Court. (D.E. 1.) On February 8, 2019, Plaintiffs filed their 72-page First Amended Class Action Complaint. (D.E. 5.)

2.  In the Amended Complaint, Plaintiffs assert eleven causes of action against Defendants, including, but not limited to, state-law claims for breach of contract, fraud, negligent misrepresentation, deceptive trade practices, unjust enrichment, conspiracy, joint enterprise, and federal claims under the Worker Adjustment and Retraining Notification Act ("WARN Act"), 21 U.S.C. § 2101, and the Federal Racketeer Influenced and Corrupt Organizations statute ("RICO"), 18 U.S.C. § 1961. *See generally* (D.E. 5.)

3.  Plaintiffs' proposed classes consist of (i) all former students who were enrolled at one of the campuses owned by ECA or Virginia College in December 2018 but whose coursework or program had not yet been completed when the campuses closed at that time, and (ii) of all former employees of ECA or Virginia College who were employed immediately prior to the campuses closings in December 2018. (D.E. 5 at pp. 63-64).

4.  On February 15, 2019, the VC Defendants filed a Motion to Compel Arbitration and to Strike Plaintiff's Class Action Claims. (D.E. 7) After the Court granted Plaintiffs' Unopposed Motion to Extend Time to Respond to the VC Defendants' Motion (D.E. 10), Plaintiffs filed their response on March 7 (D.E. 12), and the VC Defendants filed their reply on March 21. As of the date of this Motion to Stay, the Court has not yet ruled on the Motion.

5.  This Court entered an Order to Conduct Rule 26(f) Conference on February 27, 2019. (D.E. 11) The Order requires that the parties confer pursuant to Federal Rule of Civil

Procedure 26(f) by March 27, 2019, and further requires that the parties submit a joint written report outlining their proposals for a Scheduling Order by April 10, 2019.

6.  As discussed further in the Certificate of Conference, counsel for Plaintiffs informed the VC Defendants that Plaintiffs oppose any stay of discovery in this case.

## ARGUMENT

7.  In the interests of judicial economy and to avoid undue burden on the parties and the Court, this Court should issue an order temporarily staying all proceedings in this case, including the commencement of discovery and the parties' obligations under Rule 26, until the Court has ruled on the "threshold question" presented by the VC Defendants' Motion to Compel Arbitration and to Strike Class Claims. *See Reyna v. Int'l Bank of Commerce*, 839 F.3d 373, 378 (5th Cir. 2016) (stating that a court should address "the arbitrability of the plaintiff's claim at the outset of the litigation").

8.  "In the course of determining whether arbitration between [the parties] is appropriate, the district judge may order such discovery to take place or otherwise stay the proceeding until resolution of the arbitration." *Patel v. Regions Bank*, No. CV 18-796-BAJ-RLB, 2018 WL 6422110, at *2 (M.D. La. Dec. 6, 2018). An order staying discovery may be issued upon a showing of "good cause" by the movant. *Garcia v. Lion Mexico Consol., L.P.*, No. 5:15-CV-1116-DAE, 2016 WL 8711405, at *2 (W.D. Tex. July 29, 2016) (granting stay of discovery pending motion to dismiss); *Von Drake v. Nat'l Broadcasting Co.*, 2004 WL 1144142, at *2 (N.D. Tex. May 20, 2004) (same); *Patel*, 2018 WL 6422110, at *2 (finding "good cause to continue its stay of discovery until the resolution of the pending Motions to Compel Arbitration."). Trial courts have broad discretion and the inherent power to stay discovery until preliminary questions that may dispose of the case are determined. *See Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)

(upholding a discovery stay where plaintiff would not have learned anything that could affect the resolution of the dispositive motion). Such power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for its litigants. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) (acknowledging that district courts have discretionary authority to stay a case when the interests of justice so require).

9. In the event the Motion to Compel Arbitration and to Strike Class Claims is granted, all claims against the VC Defendants will be transferred to arbitration and no claims against them will remain before this Court. Because the Court's ruling may dispose of this action in its entirety with respect to the VC Defendants, beginning discovery prior to a ruling on that motion would be premature. The time and resources that the parties would expend in drafting initial disclosures, a Rule 26(f) report, and most significantly, in participating in discovery, will be wasted if the Court ultimately determines that Plaintiffs' claims should be compelled to arbitration. *See Miceli v CitiGroup, Inc.*, 2:15-cv-01962, 2016 WL 1170994 (D. Nev. Mar. 22, 2016) (granting motion to stay discovery pending decision on motion to compel arbitration" because "[i]t is in the interest of conserving the resources of the parties and the court").

10. Discovery would be particularly expensive and time-consuming in this case due to the wide-ranging allegations in the First Amended Complaint, and due to the fact that Plaintiffs are asserting claims on behalf of a purported classes of former ECA and Virginia College students and all former ECA and Virginia College employees as of December 2018. *See Robinson v. Virginia College, LLC, et al.*, No. 2:19-cv-00064-RDP, Doc. 15 (N.D. Ala. Feb. 14, 2019) (text order granting motion to stay discovery and Rule 26(f) obligations pending outcome of motion to compel arbitration and to strike class claims) (text order attached as **Exhibit 1**); *see also Morat v.*

*Cingular Wireless LLC*, No. 3:07-CV-1057-J-20JRK, 2008 WL 11336388, at *2 (M.D. Fla. Feb. 14, 2008) (granting motion for stay of discovery and Rule 26(f) obligations pending ruling on motion to compel arbitration and observing that "[a]s Plaintiff has filed a class action lawsuit, discovery into the merits could be unnecessarily expensive and time consuming depending on the resolution of the Motion to Compel Arbitration."); *Tostado v. Citibank (South Dakota), N.A.*, 2009 WL 4774771, at *1 (W.D. Tex. Dec. 11, 2009) (granting stay of discovery pending resolution of defendant's motion to dismiss because "discovery may be limited when disposition of a motion might preclude the need for discovery thus saving time and expense"); *Klepper v. SLI, Inc.*, 45 Fed.Appx. 136, 2002 WL 2005431 (3d Cir. 2002) (reversing lower court's order permitting discovery and explaining that "requiring the parties to submit to full discovery [prior to a ruling on the arbitrability issue] may unnecessarily subject them to the very complexities, inconveniences and expenses of litigation that they determined to avoid").

11.     There is no reason to believe Plaintiffs will be prejudiced by a brief stay in discovery while the issue of the appropriate forum is resolved by this Court. This stay will save the parties – including Plaintiffs – from participating in discovery that may ultimately be unnecessary if the Court orders the parties to arbitrate. In the event that this Court rules against the VC Defendants on the arbitration issue, there will be plenty of time for Plaintiffs to seek discovery on the merits of their claims.[1]

12.     Undersigned counsel is aware of Local Rule CV-26(a)'s directive that parties are ordinarily not excused from discovery pending a motion to dismiss.[2] Accordingly, the VC

---

[1] "Courts may stay proceedings as to multiple defendants pending the outcome of arbitration, even if some of those defendants are non-signatories to the arbitration agreement." *Francisco v. Stolt-Nielsen, S.A.*, No. 02-2231, 2002 WL 31697700, at *6 (E.D. La. Dec. 3, 2002).

[2] Local Rule CV-26(a) states that "Absent a court order to the contrary, a party is not excused from responding to discovery because there are pending motions to dismiss, to remand, or to change venue." L.R. CV-26(a).

5

Defendants propose that, in the event the Court is inclined to deny the relief requested herein, the Court should stay discovery, but not stay the parties' Rule 26(f)-related obligations, including the Rule 26(f) conference, joint written report, and the duty to exchange initial disclosures. *See Becton v. City of McKinney, Texas*, No. 4:16-CV-965, 2017 WL 10221058, at *2 (E.D. Tex. Apr. 20, 2017) (granting motion to stay discovery pending resolution of motion to dismiss but rejecting request to "stay requirements related to Rule 26(f) conference, scheduling, or the management conference, such as initial mandatory disclosures").

## CONCLUSION

WHEREFORE, for the foregoing reasons, and in the interests of judicial economy, efficiency, and fairness, the VC Defendants respectfully request that this Court exercise its discretion and grant their Motion for Stay of Discovery. A proposed Order granting the instant Motion is attached hereto as **Exhibit 2** for the Court's convenience.

Respectfully submitted this 22nd day of March 2019.

*/s/ Ollie A. "Tres" Cleveland, III*
Scott S. Brown (*admitted in E.D. Texas*)
Ollie A. "Tres" Cleveland, III
**MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203
Telephone: (205) 254-1000
Fax: (205) 254-1999
scottbrown@maynardcooper.com
tcleveland@maynardcooper.com

*Attorneys for Defendants*
*Education Corporation of America, Virginia College, LLC, and Stuart C. Reed*

## **CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, this the 22nd day of March 2019.

                */s/ Ollie A. "Tres" Cleveland, III*
                Ollie A. "Tres" Cleveland, III

**CERTIFICATE OF CONFERENCE**

Undersigned counsel for the VC Defendants certifies, pursuant to Local Rule CV-7(i), that he has complied with the meet and confer requirement in Local Rule CV-7(h), that counsel for the parties discussed the Motion, that counsel for the VC Defendants sought from Plaintiffs the relief requested in the Motion, but which counsel for Plaintiffs did not agree to. The discussions have conclusively ended in impasse, leaving this issue for the Court to resolve.

*/s/ Ollie A. Cleveland*
Ollie A. Cleveland