## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| **KARINA GARCIA, MARIA MATA, CHLOE BROOKS, ANITA TREVINO, KARLENE CARPENTER, TANISHA WILLIAMS, SAMUEL TORRES, MARLENE BURCH, ROZEPHYR JEAN, Individually and on Behalf All Others Similarly Situated,** | ) ) ) ) ) ) ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **vs.** | ) ) | **CASE NO: 1:18-cv-00621-MAC** |
| **WILLIS STEIN & PARTNERS, L.L.C., MONROE CAPITAL, LLC, EDUCATION CORPORATION OF AMERICA, VIRGINA COLLEGE, LLC, BRIGHTWOOD COLLEGE, BRIGHTWOOD CAREER INSTITUTE, VIRGINIA COLLEGE, ECOTECH INSTITUTE, STUART C. REED, AVY HOWARD STEIN, THEODORE KOENIG, JACKIE BAUMANN, AND ERIN SHEA** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) | |

### PLAINTIFFS' RESPONSE TO DEFENDANTS' RENEWED MOTION TO COMPEL ARBITRATION AND TO STRIKE PLAINTIFFS' CLASS ACTION CLAIMS

Plaintiffs Karina Garcia, Maria Mata, Chloe Brooks, Anita Trevino, Karlene Carpenter,

Tanisha Williams, Samuel Torres, Marlene Burch, and Rozephyr Jean, Plaintiffs, Individually and

1

On Behalf of all Others Similarly Situated, by and through their undersigned counsel, hereby respectfully ask this Honorable Court deny Defendants Education Corporation of America ("ECA"), Virginia College, LLC ("Virginia College"), and Stuart C. Reed's (collectively "VC Defendants") renewed motion to compel arbitration and to strike Plaintiffs' class action claims.  In support, Plaintiffs state as follows:

1.      On June 5, 2019, Plaintiffs filed and served their Second Amended Complaint.[1] Plaintiffs included new factual allegations and causes of actions against defendants. *Id.*  The new factual allegations include, but are not limited to: (1) Avy Howard Stein was both the managing partner for Willis Stein & Partners, L.L.C. and the Chairman of the Board of Directors for Education Corporation of America at the time of campus closures[2]; (2) at least one defendant purchased real property in Texas for purposes of expanding its business in for-profit colleges[3]; (3) *Project Hawthorne*[4]; and (4) a sworn affidavit provided by a Brightwood employee[5].

2.      On June 19, 2019, VC Defendants filed VC Defendants' Renewed Motion to Compel Arbitration and to Strike Class Action Claims.[6]  Plaintiffs now timely file their response.

3.      To avoid unnecessary duplication, Plaintiffs expressly and full incorporate Plaintiffs' Response to VC Defendants' Motion to Compel Arbitration into this response to the "renewed" motion.[7]  Further, Plaintiffs' expressly incorporate any and all facts and/or allegations

---

[1] D.E. 30.
[2] *Id.* at paragraph 19.
[3] *Id.* at paragraphs 26 and 28.
[4] *Id*. at paragraph 46. Project Hawthorne was a two-day conference held for all, or most of, Brightwood campus presidents across the country.  There, ECA representatives misled its employees about (1) the financial status of Education Corporation of America and Brightwood College and (2) their progress within the accreditation process.
[5] *Id*. at Exhibit 8.
[6] D.E. 36.
[7] D.E. 12.

put forth in Plaintiffs' Second Amended Class Action Complaint, and suggest that complaint stands on its own in response to any challenge.[8]

9.      As Plaintiffs' Response to VC Defendants' Motion to Compel Arbitration more fully sets forth, VC Defendants' motion is premature because it seeks to compel arbitration before determining (1) whether the agreement exists or (2) class certification.[9]

10.      Moreover, the arbitration agreements required signature(s) separate from the Tuition Agreement.[10]  VC Defendants provided several 'agreed-to' arbitration agreements, which purportedly contain students' electronic signatures:

Anita Trevino
_____
Student Signature

_____
Parent/Legal Guardian Signature

3/21/2017
_____
Date                                                      11

Under Texas law, "[a]n electronic record or electronic signature is attributable to a person if it was **the act of the person**."[12]  Whether the signature was the act of the person "may be shown in any manner, including a **showing of the efficacy of any security procedure** applied to determine the person to which the electronic record or electronic signature was attributable."[13] Here, VC Defendants failed to provide any evidence that (1) each plaintiff performed **any act** to agree to the Arbitration Policy, or (2) any security procedure was applied to determine the electronic "signature" was performed by the student.  Indeed, plaintiffs never checked a box

---

[8] *See* D.E. 30.
[9] As a reminder, Plaintiffs seek to certify class of more than 19,000 students and employees.
[10] D.E. 12, page 30.
[11] *Id*.
[12] TEXAS BUSINESS AND COMMERCE CODE Section 322.009(a) (emphasis added).
[13] *Id*. (emphasis added).

and/or signed the separate arbitration policy before "agreeing" to enroll as students at one of VC Defendants' affiliate schools.[14]  That is, Student Plaintiffs never committed any "act" to agree to the separate Arbitration Policy.

11.     The arbitration clauses are procedurally unconscionable because the contract formation process tainted the negotiation process.  Procedural unconscionability relates to the making or inducement of the contract, **focusing on the facts surrounding the bargaining process**.[15]  In Plaintiffs' Response to VC Defendants' Motion to Compel Arbitration, Plaintiffs describe in detail the process which Plaintiff Chloe Brooks went through with Juan Ochoa, the Brightwood College Admissions Associate.[16]  In summary, **before 'agreeing' to study at Brightwood College**, Student Plaintiffs (1) were not told about the arbitration clause within the Tuition Agreement during their enrollment meetings; (2) were not provided the opportunity to view the arbitration clause within the Tuition Agreement; (3) were not told about the separate Arbitration Policy; (4) did not see the separate Arbitration Policy; (5) were not provided an opportunity to read the separate Arbitration Policy; (6) were not given the opportunity to click "I agree" to the arbitration policy, (7) were not given an opportunity to opt out of arbitration, (8) supposedly "reviewed and signed" thirteen separate documents in twenty-seven minutes, and (9) were not required to initial their personal, intentional election of arbitration.[17]

12.     Lastly, the arbitration clauses are substantively unconscionable because the arbitration fees deny the class access to the arbitration forum.  An arbitration agreement may

---

[14] D.E. 30-2, 30-3, 30-4, and 30-5, Student Plaintiffs' Sworn Affidavits.  Student Plaintiffs were not told about the separate Arbitration Policy during their enrollment meetings with their respective admissions associate. *Id*.  In fact, Student Plaintiffs were not provided with an opportunity to view the separate Arbitration Policy during their enrollment meetings. *Id*.  Student Plaintiffs cannot "act" on something that is not told to them, let alone consent to it.
[15] *See TMI, Inc. v. Brooks*, 225 S.W.3d 783, 792 (Tex.App.--Houston [14th Dist.] 2007, pet. denied).
[16] *See* D.E. 30, pages 15-19.
[17] *See* D.E. 30-2, 30-3, 30-4, and 30-5, Student Plaintiffs' Sworn Affidavits.

make a contract unconscionable if the existence of large arbitration costs could preclude a litigant from effectively vindicating [his or her] rights in the arbitral forum.[18]  Here, if the court compels the *proposed* class to individual arbitrations, the following expenses apply:

| Chart 3 - AAA Costs for the Proposed Class[19] | | |
|---|---|---|
| **Charges** | **Consumer** | **Business** |
| Filing Fee | $3,800,000 | $5,700,000 |
| Case Management Fee | $0 | $26,600,000 |
| Hearing Fee | $0 | $9,500,000 |
| Arbitrator Compensation | $0 | $28,500,000 |
| Arbitrator's Travel | $0 | Unknown |
| **TOTAL[20]** | **$3,800,000** | **$70,300,000** |

These costs do not include the expert, attorney, and out-of-pocket expenses for each individual arbitration.  There is no provision in the AAA rules allowing claimants in separate arbitration proceedings to share discovery costs or use common expert reports.  Thus, the expected attorney's fees and expert testimony could easily exceed $1,000,000 for the nine named plaintiffs alone.[21]  The discrepancy between costs and anticipated recovery is excessive given the circumstances here—namely, where many out-of-pocket claims barely reach $10,000. Therefore, if the Court finds the arbitration agreement(s) valid and enforceable, Student Plaintiffs ask the Court to sever the consolidated-arbitration waiver, and compel all plaintiffs to one consolidated arbitration proceeding.

---

[18] *Bell v. Koch Foods of Miss., LLC*, 358 F. App'x 498, 504 (5th Cir. 2009); *see also Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91-92 (2000) (the arbitration agreement requires Plaintiffs to pay arbitration fees so expensive the they will effectively be denied access to the arbitration forum).
[19] At the time of campus closures, there were (at least) nineteen thousand (19,000) enrolled students. *Id.*
[20] These amounts assume one arbitrator, no hourly arbitrator payments, and zero travel expenses.  These amounts do not include attorney's fees either.
[21] These costs would fall on the individual claimants.

Case 1:18-cv-00621-MAC   Document 38   Filed 07/02/19   Page 6 of 7 PageID #:  1614

13.     Accordingly, for the reasons more fully discussed in Plaintiffs' Response to VC Defendants' Motion to Compel Arbitration, the supporting declarations, and exhibits which Plaintiffs fully and expressly incorporate herein, the Court should deny VC Defendants' Renewed Motion to Compel Arbitration and to Strike Class Action Claims.

Respectfully submitted,

**THE FERGUSON LAW FIRM, LLP**

*/s/ Mark C. Sparks*
Mark Sparks
Texas Bar No. 24000273
mark@thefergusonlawfirm.com
Timothy M. Ferguson
Texas Bar No. 24099479
tferguson@thefergusonlawfirm.com
350 Pine Street, Suite 1440
Beaumont, Texas 77701
(409) 832-9700 Phone
(409) 832-9708 Fax

and:

**BAILEY REYES, PLLC**

Christopher A. Bailey
Texas Bar No. 24104549
chris@baileyreyes.com
Julliana Reyes
Texas Bar No. 24103899
julie@baileyreyes.com
470 Orleans Street, Suite 950
Beaumont, Texas 77701
(409) 239-0123 Phone
(409) 895-2363 Fax

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd day of July, 2019 a true and correct copy of the foregoing instrument was electronically filed using the authorized ECF system and served on all parties and/or the attorney(s) of record all parties who are registered users of the ECF system, pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this District.

*/s/Mark C. Sparks*
Mark C. Sparks