**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| KARINA GARCIA, MARIA MATA, CHLOE BROOKS, ANITA TREVINO, KARLENE CARPENTER, TANISHA WILLIAMS, SAMUEL TORRES, MARLENE BURCH, and ROZEPHYR JEAN,<br><br>   Plaintiffs,<br><br>v.<br><br>WILLIS STEIN & PARTNERS, L.L.C., MONROE CAPITAL, LLC, EDUCATION CORPORATION OF AMERICA, VIRGINIA COLLEGE, LLC, BRIGHTWOOD COLLEGE, BRIGHTWOOD CAREER INSTITUTE, VIRGINIA COLLEGE, ECOTECH INSTITUTE, STUART C. REED, AVY HOWARD STEIN, THEODORE KOENIG, JACKIE BAUMANN, and ERIN SHEA,<br><br>   Defendants. | CIVIL ACTION NO.:<br><br>1:18-CV-00621 |

## VC DEFENDANTS' OPPOSED RENEWED MOTION TO STAY DISCOVERY

Defendants Education Corporation of America ("ECA"), Virginia College, LLC ("Virginia College"), and Stuart C. Reed (collectively, the "VC Defendants"), by and through undersigned counsel, submit this Renewed Motion to Stay Discovery pending a ruling from the Court on the VC Defendants' Motion to Compel Arbitration and to Strike Class Claims. In support of this Motion, the VC Defendants state as follows:

**PROCEDURAL HISTORY**

1. On December 12, 2018, Plaintiffs filed a Class Action Complaint for Damages in this Court. (D.E. 1.) On February 8, 2019, Plaintiffs filed their 72-page First Amended Class

Action Complaint. (D.E. 5.) On June 5, 2019, Plaintiffs filed their Second Amended Class Action Complaint. (D.E. 30.)

2. In the Second Amended Complaint, Plaintiffs assert eleven causes of action against Defendants, including, but not limited to, state-law claims for breach of contract, fraud, negligent misrepresentation, deceptive trade practices, unjust enrichment, conspiracy, joint enterprise, and federal claims under the Worker Adjustment and Retraining Notification Act ("WARN Act"), 21 U.S.C. § 2101, and the Federal Racketeer Influenced and Corrupt Organizations statute ("RICO"), 18 U.S.C. § 1961. (*See* D.E. 30.)

3. Plaintiffs' proposed classes consist of (i) all former students who were enrolled at one of the campuses owned by ECA or Virginia College in December 2018 but whose coursework or program had not yet been completed when the campuses closed at that time, and (ii) of all former employees of ECA or Virginia College who were employed immediately prior to the campuses closings in December 2018. (D.E. 30 at pp. 63-65.)

4. On February 15, 2019, the VC Defendants filed their original Motion to Compel Arbitration and to Strike Plaintiffs' Class Action Claims on February 15, 2019. (D.E. 7). Briefing on that Motion was complete by late March 2019.

5. On February 27, 2019, this Court entered an Order to Conduct Rule 26(f) Conference. (D.E. 11.) The Order required that the parties confer pursuant to Federal Rule of Civil Procedure 26(f) by March 27, 2019, and further required that the parties submit a joint written report outlining their proposals for a Scheduling Order by April 10, 2019. (*Id.*).

6. On March 22, 2019, the VC Defendants filed a Motion to Stay Discovery (D.E. 18). Briefing was complete on that Motion by mid-April 2019.

7. On April 10, 2019, since no ruling had been entered on the VC Defendants' Motion to Stay, the parties filed their Rule 26(f) Report in accordance with the Court' February 27th Order. (D.E. 21.) Therein, each side proposed its discovery / case management plan. (*Id.*) While Plaintiffs proposed certain dates and deadlines in a proposed Scheduling Order attached thereto, the VC Defendants made clear that they did not consent to Plaintiffs' schedule and that they opposed any class-wide discovery prior to a ruling on their Motion to Compel. (*Id.* at p. 6.) The VC Defendants further requested that the Court hold a Rule 16(b) conference before the entry of a Scheduling Order so that they could present their proposal for discovery / case management plan in greater detail. *(Id.)*

8. After the Second Amended Complaint was filed on the June 5, 2019, the VC Defendants filed a Renewed Motion to Compel Arbitration and to Strike Plaintiff's Class Action Claims on June 19, 2019 ("Renewed Motion to Compel"). (D.E. 36.) Plaintiffs filed their response on July 2 (D.E. 38), and the VC Defendants filed their reply on July 9 (D.E. 39).

9. The Court denied the original Motion to Compel and the original Motion to Stay as moot on July 15, 2019 (D.E. 40).

10. As of the date of this Renewed Motion to Stay, the Court has not yet ruled on the Renewed Motion to Compel.

11. On July 15, 2019, the parties received an email from Jeannie Nguyen, Law Clerk, which seemed to presume that the VC Defendants had agreed to the September 9, 2019 deadline to amend pleadings which Plaintiffs had proposed in the Rule 26(f) Report. (*See* Email from J. Nguyen (July 15, 2019), attached hereto as Exhibit 1.) The VC Defendants did not agree to that date or any other proposed by Plaintiffs, and do not agree to any newly proposed scheduling order by Plaintiffs for the reasons outlined herein.

12.     As discussed further in the Certificate of Conference, counsel for Plaintiffs informed the VC Defendants that Plaintiffs oppose any stay of discovery in this case.

## ARGUMENT

13.     In the interests of judicial economy and to avoid undue burden on the parties and the Court, this Court should issue an order temporarily staying all proceedings in this case, including the commencement of discovery, until the Court has ruled on the "threshold question" presented by the VC Defendants' Renewed Motion to Compel Arbitration and to Strike Plaintiffs' Class Action Claims. *See Reyna v. Int'l Bank of Commerce*, 839 F.3d 373, 378 (5th Cir. 2016) (stating that a court should address "the arbitrability of the plaintiff's claim at the outset of the litigation"); *see also* L.R. CV-26(a) (""[a]bsent a court order to the contrary, a party is not excused from responding to discovery…."). Further, in the event that the Court denies the Renewed Motion to Compel, the Court should first hold a Rule 16(b) conference with the parties to discuss the manner in which this case proceed and to set the relevant dates and deadlines.

14.     Trial courts have broad discretion and the inherent power to stay discovery until preliminary questions that may dispose of the case are determined. *See Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (upholding a discovery stay where plaintiff would not have learned anything that could affect the resolution of the dispositive motion). Such power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for its litigants. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) (acknowledging that district courts have discretionary authority to stay a case when the interests of justice so require).

15. "In the course of determining whether arbitration between [the parties] is appropriate, the district judge may order such discovery to take place or otherwise stay the proceeding until resolution of the arbitration." *Patel v. Regions Bank*, No. CV 18-796-BAJ-RLB, 2018 WL 6422110, at *2 (M.D. La. Dec. 6, 2018). An order staying discovery may be issued upon a showing of "good cause" by the movant. *Garcia v. Lion Mexico Consol., L.P.*, No. 5:15-CV-1116-DAE, 2016 WL 8711405, at *2 (W.D. Tex. July 29, 2016) (granting stay of discovery pending motion to dismiss); *Von Drake v. Nat'l Broadcasting Co.*, 2004 WL 1144142, at *2 (N.D. Tex. May 20, 2004) (same); *Patel*, 2018 WL 6422110, at *2 (finding "good cause to continue its stay of discovery until the resolution of the pending Motions to Compel Arbitration."). "Good cause has been found when resolving a motion to dismiss might reduce or preclude the need for discovery or when 'further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions.'" *Whittington v. Mobiloil Fed. Credit Union*, No. 1:16-CV-482, 2018 WL 4278503, at *1 (E.D. Tex. Apr. 5, 2018) (Crone, J.) (quoting *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011))..

16. In the event the Renewed Motion to Compel is granted, all claims against the VC Defendants will be transferred to arbitration and no claims against them will remain before this Court. Because the Court's ruling may dispose of this action in its entirety with respect to the VC Defendants, beginning discovery prior to a ruling on that motion would be premature. The time and resources that the parties would expend in drafting initial disclosures and, most significantly, in participating in discovery, will be wasted if the Court ultimately determines that Plaintiffs' claims should be compelled to arbitration. *See Miceli v CitiGroup, Inc.*, 2:15-cv-01962, 2016 WL 1170994 (D. Nev. Mar. 22, 2016) (granting motion to stay discovery pending decision on motion

to compel arbitration" because "[i]t is in the interest of conserving the resources of the parties and the court").

17. Discovery would be particularly expensive and time-consuming in this case due to the wide-ranging allegations in the Second Amended Complaint, and due to the fact that Plaintiffs are asserting claims on behalf of a purported classes of former ECA and Virginia College students and all former ECA and Virginia College employees as of December 2018. *See Robinson v. Virginia College, LLC, et al.*, No. 2:19-cv-00064-RDP, Doc. 15 (N.D. Ala. Feb. 14, 2019) (text order granting motion to stay discovery and Rule 26(f) obligations pending outcome of motion to compel arbitration and to strike class claims), attached hereto as Exhibit 2; *see also Morat v. Cingular Wireless LLC*, No. 3:07-CV-1057-J-20JRK, 2008 WL 11336388, at *2 (M.D. Fla. Feb. 14, 2008) (granting motion for stay of discovery and Rule 26(f) obligations pending ruling on motion to compel arbitration and observing that "[a]s Plaintiff has filed a class action lawsuit, discovery into the merits could be unnecessarily expensive and time consuming depending on the resolution of the Motion to Compel Arbitration."); *Tostado v. Citibank (South Dakota), N.A.*, 2009 WL 4774771, at *1 (W.D. Tex. Dec. 11, 2009) (granting stay of discovery pending resolution of defendant's motion to dismiss because "discovery may be limited when disposition of a motion might preclude the need for discovery thus saving time and expense"); *Klepper v. SLI, Inc.*, 45 Fed.Appx. 136, 2002 WL 2005431 (3d Cir. 2002) (reversing lower court's order permitting discovery and explaining that "requiring the parties to submit to full discovery [prior to a ruling on the arbitrability issue] may unnecessarily subject them to the very complexities, inconveniences and expenses of litigation that they determined to avoid").

18. There is no reason to believe Plaintiffs will be prejudiced by a brief stay in discovery while the issue of the appropriate forum is resolved by this Court. This stay will save

the parties – including Plaintiffs – from participating in discovery that may ultimately be unnecessary if the Court orders the parties to arbitrate.

19.   Finally, in the event that the Court denies the Renewed Motion to Compel, the Court should first hold a Rule 16(b) conference with the parties to discuss the manner in which this case proceed and to set the relevant dates and deadlines.

## CONCLUSION

WHEREFORE, for the foregoing reasons, and in the interests of judicial economy, efficiency, and fairness, the VC Defendants respectfully request that this Court exercise its discretion and grant their Renewed Motion for Stay of Discovery. A proposed Order granting the instant Motion is attached hereto as **Exhibit 3** for the Court's convenience.

Respectfully submitted this 18th day of July 2019,

*/s/ Ollie A. "Tres" Cleveland, III*
Scott S. Brown (*admitted in E.D. Texas*)
Ollie A. "Tres" Cleveland, III (*pro hac vice*)
**MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203
Telephone: (205) 254-1000
Fax: (205) 254-1999
scottbrown@maynardcooper.com
tcleveland@maynardcooper.com

*Attorneys for Defendants*
*Education Corporation of America,*
*Virginia College, LLC, and Stuart C. Reed*

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, this the 18th day of July 2019.

                                        */s/ Ollie A. Cleveland*
                                        Ollie A. Cleveland

## CERTIFICATE OF CONFERENCE

Undersigned counsel for the VC Defendants certifies, pursuant to Local Rule CV-7(i), that he has complied with the meet and confer requirement in Local Rule CV-7(h), that counsel for the parties discussed the Motion, that counsel for the VC Defendants sought from Plaintiffs the relief requested in the Motion, but which counsel for Plaintiffs did not agree to. The discussions have conclusively ended in impasse, leaving this issue for the Court to resolve.

*/s/ Ollie A. Cleveland*
Ollie A. Cleveland