**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **KARINA GARCIA, MARIA MATA, CHLOE BROOKS, ANITA TREVINO, KARLENE CARPENTER, TANISHA WILLIAMS, SAMUEL TORRES, MARLENE BURCH, and ROZEPHYR JEAN,** | ) ) ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | |
| **WILLIS STEIN & PARTNERS, L.L.C., MONROE CAPITAL, LLC, EDUCATION CORPORATION OF AMERICA, VIRGINIA COLLEGE, LLC, BRIGHTWOOD COLLEGE, BRIGHTWOOD CAREER INSTITUTE, VIRGINIA COLLEGE, ECOTECH INSTITUTE, STUART C. REED, AVY HOWARD STEIN, THEODORE KOENIG, JACKIE BAUMANN, and ERIN SHEA,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **CIVIL ACTION NO.:** **1:18-CV-00621** |
| **Defendants.** | ) | |

**DEFENDANTS EDUCATION CORPORATION OF AMERICA
AND VIRGINIA COLLEGE, LLC'S MOTION TO VACATE PARTIALLY,
OR IN THE ALTERNATIVE, TO MODIFY PARTIALLY, THE ARBITRATION
AWARD ENTERED IN FAVOR OF PLAINTIFF/CLAIMANT ANITA TREVINO**

Ollie A. "Tres" Cleveland, III
**MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North
Suite 1700
Birmingham, Alabama 35203
(205) 254-1000
tcleveland@maynardcooper.com

*Attorney for Defendants
Education Corporation of America
and Virginia College, LLC*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ........................................................................................... iii

INTRODUCTION ......................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND ................................................... 2

ARGUMENT AND AUTHORITY ............................................................................... 4

      I.      Cook Exceeded His Powers Under 9 U.S.C. §10(a)(4) By
             Exceeding The Express Limitations Of The Contract ........................................ 5

             A.      Under the plain incorporated terms of the Arbitration Agreement,
                     the arbitrator's authority was limited to ordering a remedy or
                     outcome that the parties could have received in court in accordance
                     with applicable law ................................................................................. 5

             B.      The Arbitration Award did not grant a remedy or outcome that
                     the parties could have received in court in accordance with applicable
                     California law ........................................................................................... 7

                   1.      It is undisputed that the PPA Addendum ¶15 disclosure
                          requirements did not apply to Defendants ...................................... 7

                   2.      The Award's tortious contract and punitive damages
                              conclusions were based solely on the Arbitrator concluding
                            that Defendants did not provide Trevino with the PPA
                            Addendum ¶15 disclosures ............................................................. 8

                   3.      Because Cook ordered a remedy or outcome that could not
                            have been ordered in court in accordance with California law,
                            the Award should be vacated and/or modified .............................. 11

      II.     Even If He Did Not Exceed the Express Limitations of the Contract,
              Cook Exceeded His Powers Under 9 U.S.C. §10(a)(4) By Basing His
              Decision On An Undisputed Mistake Of Fact, And/Or The Award Should
              Be Modified Pursuant To 9 U.S.C. §11(a) ........................................................ 12

      III.    Cook Exceeded His Powers Under 9 U.S.C. §10(a)(4) By
              Manifestly Disregarding The Law ..................................................................... 13

              A.      The error was obvious and capable of being perceived by the average
                     arbitrator ................................................................................................ 14

B.     The arbitrator appreciated the existence of the clearly governing principle but ignored it ...............................................................14

C.     The Award resulted in significant injustice ...............................................15

IV.     Cook's Error So Affected Defendants' Rights That It Deprived Them Of A Fair Hearing ...........................................................................................16

CONCLUSION.....................................................................................................................16

CERTIFICATE OF SERVICE ...........................................................................................17

CERTIFICATE OF CONFERENCE…………………………………………………….18

## **TABLE OF AUTHORITIES**

**Page(s)**

## **Cases**

*American Eagle Airlines, Inc. v. Air Line Pilots Assoc., Internat'l*,
  343 F. 3d 401 (5th Cir. 2003) ..................................................................... 5

*Apache Bohai Corp., LDC v. Texaco China BV*,
  480 F. 3d 397 (5th Cir. 2007) ..................................................................... 5

*Delta Queen Steamboat Co. v. Dist. 2 Marine Eng'rs Beneficial Assn.*,
  889 F. 2d 599 (5th Cir. 1989) ................................................................. 5, 11

*Due v. Swartz*,
  22 Cal. App. 2d 217 (Cal. Ct. App. 1937) ................................................. 10

*Dynacolor, Inc. v. Razberi Tech., Inc.*,
  795 Fed. Appx. 261 (5th Cir. 2020) ............................................ 13, 14, 15

*Erlich v. Menezes*,
  21 Cal. 4th 543, 87 Cal.Rptr.2d 886, 981 P.2d 978 (1999) ..................... 9

*Forsythe Internat'l, S.A. v. Gibbs Oil Co. of Texas*,
  915 F. 2d 1017 (5th Cir. 1990) .................................................................. 16

*Gulf Coast Indus. Workers Union v. Exxon Co.*,
  991 F. 2d 244 (5th Cir. 1993) ..................................................................... 4

*Hall St. Assoc., LLC v. Matel, Inc.*,
  552 U.S. 576 (2008) ...................................................................................... 5

*Jones v. Michaels Stores, Inc.*,
  991 F. 3d 614 (5th Cir. 2021) .................................................................... 13

*McKool Smith, P.C. v. Curtis Int'l, Ltd.*,
  650 Fed. Appx. 208 (5th Cir. 2016) .......................................................... 14

*National Post Office v. United States Postal Service*,
  751 F. 2d 834 (6th Cir. 1985) .............................................................. 12, 13

*People v. 748 Cases of Life Saver Candy Drops*,
  94 Cal. App. 2d 599 (Cal. Ct. App. 1949) ................................................ 10

iii

*Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*,
   687 F. 3d 671 (5th Cir. 2012) ................................................................... 6

*Prestige Ford v. Ford Dealer Computer Services, Inc.*,
   324 F. 3d 391 (5th Cir. 2003) ............................................................. 12, 13

*Scott v. Phoenix Schools, Inc.*,
   175 Cal. App. 4th 702 (Cal. Ct. App. 2009) ........................................... 11

*Smith v. Transport Workers Union of America*,
   *et al.*, 374 F. 3d 372 (5th Cir. 2004) ......................................................... 5

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*,
   559 U.S. 662 (2010) ...................................................................... 6, 7, 14

*Totem Marine Tug & Barge, Inc. v. N. American Towing, Inc.*,
   607 F. 2d 649 (5th Cir. 1979) ................................................................. 11

*Valentine Sugars, Inc. v. Donau Corp.*,
   981 F. 2d 210 (5th Cir. 1993) ............................................................. 12, 13

*Vantage Deepwater Co. v. Petrobras America, Inc.*,
   966 F. 3d 361 (5th Cir. 2020) ................................................................... 6

## **Statutes**

9 U.S.C. §10 ........................................................................................ 5, 14

9 U.S.C. §10(a) ........................................................................................ 4

9 U.S.C. §10(a)(3) .................................................................................. 16

9 U.S.C. §10(a)(4) ................................. 1, 4, 5, 7, 11, 12, 13, 14, 15, 16

9 U.S.C. §11 ................................................................................. 4, 13, 16

9 U.S.C. §11(a) ................................................................... 1, 4, 12, 13

Defendants Education Corporation of America and Virginia College, LLC ("Defendants"), pursuant to 9 U.S.C. §§ 10(a)(4) and/or 11(a), respectfully submit this Motion to Vacate Partially, or in the Alternative, to Modify Partially, the Arbitration Award Entered in Favor of Anita Trevino ("Trevino" or "Plaintiff"), as follows:

## INTRODUCTION

Defendants respectfully request this Court to vacate and/or modify certain portions of the arbitration award issued by Arbitrator Russell D. Cook in Trevino's favor. Vacatur and/or modification is particularly important in this case because 223 other cases lie in wait. Trevino's counsel represents 223 other claimants in similar cases making similar claims arising out of similar facts against these same Defendants. The arbitration award in this case will be used by Trevino's counsel in those other 223 cases to try to encourage 223 other arbitrations to exceed their powers and make the same "evident material mistake" that was made here.

There are specifically three orders by Cook at issue in the Award: (1) the Interim Arbitrator's Decision and Order after Hearing on the Merits, submitted herewith as **Exhibit 1** ("Interim Award"); (2) Arbitrator's Decision and Order on Motion to Modify Arbitrator's Decision and Order, submitted herewith as **Exhibit 2** ("Arbitrator's Decision on Motion to Modify"); and (3) the Final Award, submitted herewith as **Exhibit 3** ("Final Award") (collectively, the three orders are the "Award"). For the reasons set forth below, Cook exceeded his powers under 9 U.S.C. §10(a)(4), and/or made an "evident material mistake" under 9 U.S.C. §11(a), and the following portions of the Award should be vacated and/or modified: (1) the Award's conclusion that Defendants tortiously breached their contract with Trevino should be stricken; and (2) the Award of punitive damages under any claim should be stricken.

## FACTUAL AND PROCEDURAL BACKGROUND

Trevino was a student at Brightwood College in Salida, California. (Ex. 1 at 2.) The Brightwood College campus closed on December 5, 2018.[1] (*Id.*) Prior to that closure, on December 16, 2016, the Department of Education ("DOE") had withdrawn the authority of the Accrediting Council for Independent Colleges and Schools ("ACICS") to accredit schools, including schools owned and operated by Defendants. (*Id.* at 3.) ACICS's loss of recognition by the DOE was no fault of any Defendant. (*Id.*) The DOE then gave ACICS accredited schools, including Virginia College (d/b/a Brightwood College), provisional accreditation and gave them until June 12, 2018 to find another entity to accredit its schools. (*Id.*) The DOE required schools, *in some circumstances*, to make certain disclosures to students, set forth in ¶15 of its PPA Addendum (the "PPA Addendum ¶15 disclosure requirements"). (*Id.* at 4.) As outlined herein, it is undisputed (and Trevino's expert agreed) that those circumstances triggering the PPA Addendum ¶15 disclosure requirements did not happen here, and that the PPA Addendum ¶15 disclosure requirements never applied to Virginia College.

On March 21, 2017, Trevino enrolled in the respiratory care program at Brightwood College. (Ex. 1 at 2; *see also* D.E. 7-1 at 33-41.)  With enrollment, the parties entered a separate stand-alone arbitration agreement entitled "Arbitration Policy," hereafter referred to as the "Arbitration Agreement." (*See* D.E. 7-1 at 42.) After the Brightwood College campus closed, Trevino and multiple others filed a purported class action in this Court. Trevino claims that the closure prevented her from completing her program and that she never received a tuition refund after the closure. (D.E. 44 at 2.) On August 8, 2019, this Court granted Defendants' motion to compel individual arbitration and to strike Plaintiffs' class action claims. (D.E. 44.)

---

[1] Defendant Virginia College was d/b/a Brightwood College at this location. (D.E. 44 at 1, n. 1.)

Arbitrator Cook held an arbitration hearing, by videoconference, as to Trevino's individual claims on January 25 and 26, 2021. (*See* Ex. 1 at 1.) Her claims included breach of contract and tortious breach of contract. She sought punitive damages. Cook entered his Interim Award on February 17, 2021. (Ex. 1.) Cook's Interim Award[2] concluded that Defendants tortiously breached the contract, and awarded punitive damages, based entirely on an undisputed mistake of fact. Contrary to the undisputed evidence, Arbitrator Cook concluded that the PPA Addendum ¶15 disclosure requirements applied to Virginia College, and that Virginia College did not give the required disclosures to Trevino. (*See, e.g.*, Ex. 3 at 4.)

Defendants filed a Motion to Amend Arbitrator's Decision and Order After Hearing on the Merits ("Motion to Amend") on February 26, 2021, arguing that the Interim Award needed amendment because, *inter alia*, it was based on this undisputed mistake of fact and amounted to manifest disregard of the law (holding that Trevino had proven tortious breach of contract and was entitled to punitive damages solely based on that undisputed mistake of fact). (*See* **Exhibit 4**, Motion to Amend.) Significantly, Trevino's response to this Motion to Amend does *not* argue that the PPA Addendum ¶15 disclosure requirements apply to Defendants and Trevino; Plaintiff's counsel knows the requirements did not apply to them.  (*See* **Exhibit 5**, Claimant's Response to VC Respondents' Motion to Amend.) Nevertheless, on March 23, 2021, the Arbitrator issued the Arbitrator's Decision on Motion to Modify, denying the Motion to Amend on the basis that it sought a substantive amendment of the Interim Order, and he had "no power to re-determine the merits of any claim already decided." (*See* Ex. 2.) The Interim Award, however, was just that – interim, and contemplated a later Final Award in which the arbitrator could have revisited and corrected his mistake.

---

[2] The Final Award incorporated the Interim Award by reference. (Ex. 3 at 4.)

On April 12, 2021, the Arbitrator issued his Final Award, which confirms, adopts, and incorporates as if fully set forth therein the Interim Award and the Arbitrator's Decision on Motion to Modify. (*See* Ex. 3 at 1.)

## ARGUMENT AND AUTHORITY

"[A]rbitration awards are not inviolate." *Gulf Coast Indus. Workers Union v. Exxon Co.*, 991 F. 2d 244, 248 (5th Cir. 1993). The Federal Arbitration Act ("FAA"), 9 U.S.C. §10(a), allows a court to vacate an arbitration award based on four separate and independent grounds, the fourth of which is at issue here:

> . . . (4)   Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

In addition, the FAA, 9 U.S.C. §11(a), allows this Court to modify or correct an arbitration award "where there was an evident material miscalculation of figures or an evident material mistake in the description of any . . . thing . . . referred to in the award." Further, the "order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties." 9 U.S.C. §11.

The Award should be vacated under 9 U.S.C. §10(a)(4) because Arbitrator Cook exceeded his powers. In the alternative, the Award should be modified or corrected based on Cook's "evident material mistake," a mistake of undisputed fact. There are four separate and independent bases for vacating and/or modifying the Award: (1) Cook violated the express limitations of the parties' contracts; (2) the Award was based on undisputed mistake of fact; (3) Cook manifestly disregarded the law; and (4) Cook's errors deprived Defendants of a fair hearing.

I.     **Cook Exceeded His Powers Under 9 U.S.C. §10(a)(4) By Exceeding The Express Limitations Of The Contract.**

The Fifth Circuit has ruled in favor of vacating arbitration awards on the basis that an arbitrator exceeded his powers under 9 U.S.C. §10 where the award was directly contrary to an express term of the parties' agreement. *See, e.g.*, *Delta Queen Steamboat Co. v. Dist. 2 Marine Eng'rs Beneficial Assn.*, 889 F. 2d 599, 602 (5th Cir. 1989); *American Eagle Airlines, Inc. v. Air Line Pilots Assoc., Internat'l*, 343 F. 3d 401, 406-11 (5th Cir. 2003). This is because, "[a]rbitration is a matter of contract." *Smith v. Transport Workers Union of America, et al.*, 374 F. 3d 372, 374 (5th Cir. 2004) (citation omitted). The powers of an arbitrator are "dependent on the provisions [of the arbitration agreement] under which the arbitrators were appointed." *Apache Bohai Corp., LDC v. Texaco China BV*, 480 F. 3d 397, 401 (5th Cir. 2007), *overruled on other grounds by Hall St. Assoc., LLC v. Matel, Inc.*, 552 U.S. 576, 584-86 (2008). If an arbitrator acts contrary to express contractual provisions, he has exceeded his powers. *Id.* (citation omitted).

"[W]here the arbitrator exceeds the express limitations of his contractual mandate, judicial deference is at an end." *Delta Queen Steamboat Co.*, 889 F. 2d at 602. In other words, if the contract "creates a plain limitation on the authority of an arbitrator, [the court] will vacate an award that ignores that limitation." *Apache Bohai Corp.*, 480 F. 3d at 401. An arbitrator's decision will not be upheld if he "dispenses [his] own `brand of industrial justice' outside the scope of an arbitration agreement." *American Eagle Airlines*, 343 F. 3d at 405 (citation omitted).

A.     **Under the plain incorporated terms of the Arbitration Agreement, the arbitrator's authority was limited to ordering a remedy or outcome that the parties could have received in court in accordance with applicable law.**

Here, the Arbitration Agreement created a plain limitation on the arbitrator's authority. It specifically states that the arbitration will be conducted "by the American Arbitration

5

Association in accordance with its Commercial Arbitration Rules." (D.E. 7-1 at 42.) The Arbitration Agreement thus incorporated these AAA Rules. AAA later advised, and the parties did not object, that the Consumer Arbitration Rules (rather than the Commercial Rules) would apply. (*See* **Exhibit 6**, Letter from AAA dated Nov. 19, 2019.) Thus, the parties incorporated the AAA Consumer Arbitration Rules as part of their Arbitration Agreement and those rules are an enforceable part of their Arbitration Agreement. *See e.g.*, *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F. 3d 671, 674-75 (5th Cir. 2012) (holding that the parties "expressly incorporated into their arbitration agreement the AAA Rules' where the "parties agreed that the arbitration would be conducted by the [AAA] under its [] Rules."); *see also* AAA Consumer Arbitration Rule R-1 ("When parties have provided for the AAA's rules . . . as part of their consumer agreement, they shall be deemed to have agreed that the application of the AAA's rules . . . shall be an essential term of their consumer agreement").)

Rule 44 of the AAA Consumer Arbitration Rules ("Rule 44"), incorporated into the Arbitration Agreement, places an express limit on the arbitrator's authority: "The arbitrator may grant any remedy, relief, or outcome that the parties *could have received in court* . . . , *in accordance with the law(s) that applies to the case*." (Rule 44 (emphasis added).) Thus, the arbitration could *not* grant a remedy or an outcome that the parties could not have received in court in accordance with applicable law.[3] "When an organization's arbitration rules are incorporated into the underlying agreement, those rules are treated the same as any other contractual provision." *Vantage Deepwater Co. v. Petrobras America, Inc.*, 966 F. 3d 361, 373 (5th Cir. 2020). Effect must be given "'to the intent of the parties,' including to any contractual limitations," even when the limitations are set forth in the incorporated rules. *Id.* (quoting *Stolt-*

---

[3] The applicable law is California law. (D.E. 44 at 9.)

*Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684 (2010)). Rule 44, incorporated into the Arbitration Agreement here, became the parties' agreed-upon contractual limitation on Cook's authority -- he could only order a remedy or outcome that the parties could have received in court in accordance with applicable California law.

> **B.     The Arbitration Award did not grant a remedy or outcome that the parties could have received in court in accordance with applicable California law.**

Cook exceeded his authority under 9 U.S.C. §10(a)(4) by granting a remedy and ordering an outcome that the parties could not have received in court in accordance with applicable California law. Cook concluded that Virginia College tortiously breached the parties' contract, and awarded punitive damages. (*See* Ex. 1 at 6-8; 11-12.) In making these conclusions, Cook relied solely on Virginia College's failure to meet the PPA Addendum ¶15 disclosure requirements. (*Id.* at 6, 12.) However, it is undisputed that Virginia College was not subject to the PPA Addendum ¶15 disclosure requirements.

> 1.     It is undisputed that the PPA Addendum ¶15 disclosure requirements did not apply to Defendants.

The PPA Addendum is set up such that there were various milestones Virginia College had to meet to continue participating in the federal financial aid program while it worked to secure alternate accreditation. (**Exhibit 7**, Excerpts of Tate Deposition, at 209:8-17.) If, and only if, Virginia College did not meet one of those milestones, it had to take certain action. (**Exhibit 8**, Excerpts of Tate Expert Report, at 6-7.)

Everyone agrees that PPA Addendum ¶15 disclosure requirements never became applicable to Virginia College. (*See* **Exhibit 9**, Excerpts of Powell Deposition, at 108:24 – 109:7; Ex. 7 at 209:8-17, 210:17-22; Ex. 8 at 6-7; **Exhibit 10**, Excerpts of Bogart Deposition, at 228:3-6.) Indeed, Dr. Powell, Claimant's own expert, even testified that the PPA Addendum ¶15 disclosure requirements did not apply to Virginia College since it had an application for alternate

accreditation in process with the Accrediting Council for Continuing Education and Training ("ACCET") within 180 days of the DOE withdrawing the ACICS's authority to accredit schools:

> Q.   To put a bow on this topic, we can agree that within 180 days of the decision to terminate ACICS, Virginia College had an in-process application with ACCET?
>
> A.   Yes.
>
> Q.   And because of that, the obligations in 14 and 15 were not triggered, of the PPA?
>
> A.   Correct . . . .

(Ex. 9 at 108:24 – 109:7.)  ACCET confirmed Virginia College had an in-process application for accreditation as of February 28, 2017, which was well before the expiration of the 180-day milestone imposed by the PPA Addendum. (**Exhibit 11**, Salida Campus Application Acceptance Notice; **Exhibit 12**, Salida PPA Addendum, at ¶¶ 14-15.)

Indeed, during closing arguments in the evidentiary hearing, Trevino's counsel objected that Virginia College was "spiking the football in the end zone" with its arguments regarding the inapplicability of Paragraph 15 to Claimant's claims since the arbitrator "didn't hear [Claimant's counsel] argue any of that." Thus, it is undisputed: the PPA Addendum ¶15 disclosure requirements did not apply to Virginia College.

> 2.   The Award's tortious contract and punitive damages conclusions were based solely on the Arbitrator concluding that Defendants did not provide Trevino with the PPA Addendum ¶15 disclosures.

Contrary to the undisputed evidence at the arbitration hearing, the Interim Award concluded the following:

> As a part of provisional accreditation, Respondents were to provide a disclosure to students concerning the provisional accreditation. The DOE [Department of Education] mandated that Respondents notify all students, including Trevino, as follows:

> *15. Additional Direct Disclosure to Students. The institution shall send to every currently enrolled student a notice involving the likely loss of eligibility for Title IV, HEA programs, . . . At a minimum, this notice must include: (a) a statement that if the institution is not able to become accredited by another federal recognized accrediting agency by the end of the applicable 18 month period (and to identify the exact date), students will no longer be eligible for federal financial aid and that it is not likely that the Institution will be able to find another accrediting agency; (b) any other consequences, such as loss of ability to sit for certification or the school's potential closure . . . .

> As a part of Trevino's enrollment process, she was required to sign a form entitled Accreditation Disclosure (Ex. 8). This disclosure <u>failed</u> to advise Ms. Trevino of the potential that she may not be able to sit for certification (even though it was required under 15(b)). Nor did it disclose it was not likely that the institution will be able to find another accrediting agency, though it was required under 15(a).

(Ex. 1 at 4.)

The Award clearly states that under the applicable California law, to prove tortious breach of contract, Trevino needed to prove that the breach of contract was accompanied by fraud, deceit, or an intentional breach intending or knowing that such breach will cause severe, unmitagable harm in the form of mental anguish, personal hardship, or substantial consequential damages. (Ex. 1, pp. 6-8 (citing *Erlich v. Menezes*, 21 Cal. 4th 543, 553-4, 87 Cal.Rptr.2d 886, 893, 981 P.2d 978 (1999)).) The Arbitrator concluded that Trevino proved tortious breach of contract under any of the three possible scenarios solely on the basis that Defendants fraudulently failed to provide the PPA Addendum ¶15(a) and (b) disclosures. (*Id.* at 6-8 ("From the records presented, the Arbitrator finds that Respondents committed fraud upon Ms. Trevino, and finds that the material omissions by Brightwood were intentional in nature. *They were told expressly by the DOE to make the disclosures and failed to do so*." (emphasis added)); *id.* at 8 ("See the discussion of fraud above. As there was a finding of intentional misrepresentation, there is a finding of deceit."); *id.* at 8-9 (following the conclusions of intentional

misrepresentation with mental anguish and personal hardship conclusions).) This was not an outcome that the arbitrator could have made in court under California law. *See Due v. Swartz*, 22 Cal. App. 2d 217, 218 (Cal. Ct. App. 1937) (holding that it is reversible error for a trial court to ignore undisputed evidence). The evidence was undisputed that Defendants were *not* required to make the PPA Addendum ¶15 disclosures; thus, Plaintiff did not prove any of the three bases for tortious breach of contract.

The Award further states that punitive damages could be awarded under California law if Trevino proved by clear and convincing evidence the existence of malice, oppression or fraud. (Ex. 1 at 11.) Again, the Arbitrator concluded that Trevino proved fraud by clear and convincing evidence solely on the basis that Defendants failed to satisfy the PPA Addendum ¶15 disclosure requirements. (*Id.* at 12 ("As Managing agents knew of the requirements of the DOE and the pre-prepared disclosure form came out of the corporate office, which failed to assure the proper disclosure under the DOE order was given, it is the finding of the Arbitrator that fraud has been established by clear and convincing evidence by an officer, director or managing agent.").) This was not a remedy that the arbitrator could have granted in court under applicable California law because all evidence, including the testimony of Trevino's expert, established that Virginia College was not subject to the PPA Addendum ¶15 disclosure requirements. *See People v. 748 Cases of Life Saver Candy Drops*, 94 Cal. App. 2d 599 (Cal. Ct. App. 1949) (holding that findings of trial judge which were contrary to testimony of appellee's own expert as well as the uncontradicted and unimpeached testimony of appellant's expert could not stand).

The parties' agreement that the PPA Addendum ¶15 disclosure requirements do not apply means there is no evidence supporting the Award's finding that Virginia College tortiously breached the parties' contract. It likewise means there is not clear and convincing evidence of

fraud so punitive damages are not available, and cannot be awarded, to Claimant. That is, the parties' agreement that none of PPA Addendum ¶15 disclosure requirements took effect precludes the requisite finding of a "high probability" of fraud that is "so clear as to leave no substantial doubt" and which is "sufficiently strong to command the unhesitating assent of every reasonable mind" needed to award punitive damages. *See Scott v. Phoenix Schools, Inc.*, 175 Cal. App. 4th 702, 715 (Cal. Ct. App. 2009) (internal quotation marks omitted) (defining the clear and convincing standard needed to prove entitlement to punitive damages).

3.   Because Cook ordered a remedy or outcome that could not have been ordered in court in accordance with California law, the Award should be vacated and/or modified.

"[A]rbitral action contrary to express contractual provisions will not be respected." *Delta Queen Steamboat Co.*, 889 F. 2d at 604. Because Cook exceeded his powers under 9 U.S.C. §10(a)(4) by acting contrary to the expressly incorporated contractual provision (AAA Consumer Arbitration Rule 44) in ordering a remedy and outcome that the parties could not have received in court in accordance with applicable law, the Award is not entitled to deference and its tortious breach of contract conclusion and punitive damage award should be vacated. *See Totem Marine Tug & Barge, Inc. v. N. American Towing, Inc.*, 607 F. 2d 649, 652 (5th Cir. 1979) (reversing district court and vacating arbitration award in part because arbitrator violated an incorporated into the contract AAA Commercial Arbitration Rule).

It is understood that typically, arbitration awards will not be vacated based on arbitrator error. But here, the parties to the Arbitration Agreement specifically chose to limit the Arbitrator's authority to the confines of Rule 44 of the AAA Consumer Arbitration Rules. In so choosing, they made their intent clear: they did not want a cowboy arbitrator ignoring undisputed facts and thereon manifestly disregarding the law, and dispensing his own "brand of industrial justice" outside the scope of what the Arbitration Agreement gave him authority to do. The

Arbitration Agreement gave the Arbitrator the authority to grant a remedy or outcome that a court could have given, in accordance with applicable California law. Cook did not do that.

The award should be vacated and/or modified as follows: (1) the portion of the Award holding that Virginia College is liable for tortious breach of contract should be stricken; and (2) the portion awarding punitive damages under any of Claimant's claims should be vacated.

**II.     Even If He Did Not Exceed the Express Limitations of the Contract, Cook Exceeded His Powers Under 9 U.S.C. §10(a)(4) By Basing His Decision On An Undisputed Mistake Of Fact, And/Or The Award Should Be Modified Pursuant To 9 U.S.C. §11(a).**

It was undisputed that the PPA Addendum ¶15 disclosure requirements did not apply to Virginia College. Cook based his tortious contract ruling and punitive damage award entirely on his holding that Virginia College did not comply with those disclosure requirements. The record thus demonstrates an unambiguous and undisputed mistake of fact and strong reliance by Cook on that mistake in making his award. In such circumstances, Fifth Circuit precedent allows for the award to be vacated under 9 U.S.C. §10(a)(4), and/or to be modified under 9 U.S.C. §11(a), even without any consideration of whether the arbitrator exceeded powers set forth in a specific contractual provision.  *See Prestige Ford v. Ford Dealer Computer Services, Inc.*, 324 F. 3d 391, 396-97 (5th Cir. 2003) (this Court has previously noted that 'an evident material miscalculation' occurs [for section 11(a) purposes] where the record that was before the arbitrator demonstrates an unambiguous and undisputed mistake of fact and the record demonstrates strong reliance on that mistake by the arbitrator in making his award") (citing *Valentine Sugars, Inc. v. Donau Corp.*, 981 F. 2d 210, 214 (5th Cir. 1993) (citing *National Post Office v. United States Postal Service*, 751 F. 2d 834, 843 (6th Cir. 1985)).

This basis for vacatur/modification begins with the Sixth Circuit's *National Post Office* case, cited as persuasive authority by the Fifth Circuit in both *Prestige Ford* and *Valentine Sugars.* In

*National Post Office*, the Postal Service fired an employee who had been indicted for drug trafficking, and the arbitrator ruled in the employer's favor on the basis of a "glaring misstatement that the employee had pleaded guilty" *prior* to the discharge action. Actually, the employee pleaded guilty *after* the discharge. The Sixth Circuit held that the arbitrator exceeded his powers under now 9 U.S.C. §10(a)(4) when the "record that was before the arbitrator demonstrates an unambiguous and undisputed mistake of fact and the record demonstrates strong reliance on that mistake by the arbitrator in making his award." 751 F. 3d at 843.

The case at hand has a record demonstrating a similar undisputed mistake of fact. Although *National Post Office* used the undisputed mistake of fact therein to vacate the arbitration award under the exceeded powers statutory provision, now 9 U.S.C. §10(a)(4), the Fifth Circuit's *Valentine Sugars* and *Prestige Ford* decisions cite *National Post Office* and its reasoning for vacating an arbitration award in the context of 9 U.S.C. §11(a). The reasoning applies equally under either statutory provision. The award should be either (1) vacated under 9 U.S.C. §10(a)(4), or (2) modified under 9 U.S.C. §11, as to the tortious breach of contract and punitive damages awards.

## III.   Cook Exceeded His Powers Under 9 U.S.C. §10(a)(4) By Manifestly Disregarding The Law.

Cook exceeded his powers under 9 U.S.C. §10(a)(4) by manifestly disregarding the law. While "manifest disregard of the law" is no longer an independent, *nonstatutory* basis for vacating an arbitration award, the Fifth Circuit on a number of occasions has assumed, without deciding, that it remains a *statutory* basis for vacating an award under 9 U.S.C. §10(a)(4). *See Jones v. Michaels Stores, Inc.*, 991 F. 3d 614, 615-16 (5th Cir. 2021) (giving history of manifest disregard standard); *Dynacolor, Inc. v. Razberi Tech., Inc.*, 795 Fed. Appx. 261, 263-65 (5th Cir. 2020) (assuming, without deciding, that manifest disregard of the law . . . fall[s] within 9 U.S.C.

13

§10(a)(4)); *McKool Smith, P.C. v. Curtis Int'l, Ltd.*, 650 Fed. Appx. 208, 211-14 (5th Cir. 2016) (same); *Stolt*, 559 U.S. at 672 n. 3 (leaving open whether manifest disregard of the law survives "as a judicial gloss on the [statutory] grounds for vacatur" set forth in 9 U.S.C. §10). In other words, if an arbitrator exceeds his powers under 9 U.S.C. §10(a)(4) by manifestly disregarding the law, the arbitration award should be vacated. The Fifth Circuit has recognized that the "Second, Fourth, and Ninth Circuits have all expressly recognized manifest disregard of law as a statutory basis for vacatur." *McKool*, 650 Fed. Appx. at 212 n. 3 (citing cases).

To vacate an arbitration award under 9 U.S.C. §10(a)(4) based on manifest disregard of the law, the party seeking the award's vacatur must prove: (1) the arbitrator's error was "obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator;" (2) the arbitrator must have appreciated the existence of a clearly governing principle but ignored it; and (3) the award must result in significant injustice. *Dynacolor*, 795 Fed. Appx. at 264-65.

### A. The error was obvious and capable of being perceived by the average arbitrator.

Cook made a conclusion that was the *opposite* of all of the undisputed evidence. *Everyone*, even Plaintiff's own expert, agreed that the PPA Addendum ¶15 disclosure requirements never applied to Virginia College. Claimant's counsel even admitted during closing arguments that he *never* argued that the disclosure requirements *did* apply. The error is so obvious that it is capable of being perceived by *anyone*. This first requirement for manifest disregard is met.

### B. The arbitrator appreciated the existence of the clearly governing principle but ignored it.

Cook stated the clearly governing principles regarding tortious breach of contract under California law, and then ignored them. He stated that California law required proof of fraud,

deceit, etc. with a breach of contract to establish tortious breach of contract, and then ignored those governing principles by concluding Trevino had proven a tortious breach of contract based on Virginia College's failure to disclose when it was undisputed that Virginia College had no duty to disclose. (*See* Ex. 1 at 6-8.) Similarly, Arbitrator Cook stated the clearly governing California law requiring clear and convincing proof of fraud for a punitive damage award, and then ignored those governing principles by concluding that Trevino had proven fraud by clear and convincing evidence based on Virginia College's failure to disclose when it was undisputed that Virginia College had no such duty. (*See* Ex. 1 at 11-12.) This second requirement for manifest disregard is met.

### C. The Award resulted in significant injustice.

To determine whether an award is a "significant injustice," a court is to take into account "all circumstances of the case." *DynaColor*, 795 Fed. Appx. at 264. The Award resulted in significant injustice not only because it awarded substantial punitive damages to Trevino which Defendants are responsible to pay, but also because of its impact on the 223 other similar cases currently pending. The firm that represents Trevino is representing 223 other people, making similar claims against Virginia College arising from similar facts. No doubt, the Award will be waived in front of the next 223 arbitrators, who based thereon, may make the same undisputed mistake of fact and enter a tortious breach of contract ruling and punitive damage award, resulting in even more significant injustice.

Because Cook exceeded his powers under 9 U.S.C. §10(a)(4) by manifestly disregarding the law, the Award should be vacated and/or modified to strike the tortious breach of contract ruling and the punitive damages award.

## IV.     Cook's Error So Affected Defendants' Rights That It Deprived Them Of A Fair Hearing.

An arbitration award may be vacated if the arbitrator uses "undue means" under 9 U.S.C. §10(a)(3) or exceeds his powers under §10(a)(4) by making a "fundamental error" that essentially deprives the nonprevailing party of a fair hearing. *See Forsythe Internat'l, S.A. v. Gibbs Oil Co. of Texas*, 915 F. 2d 1017, 1023 (5th Cir. 1990). Here, Arbitrator Cook based his Award on fundamental error that deprived Defendants of a fair hearing.

### CONCLUSION

For the reasons stated herein, Defendants respectfully request this Court to vacate the Award under 9 U.S.C. §10(a)(4), or to modify the Award under 9 U.S.C. §11, as follows: (1) the Award's conclusion that Defendants tortiously breached their contract should be stricken; and (2) the Award of punitive damages should be reversed and stricken.

Dated this 28th day of April 2021.

*/s/ Ollie A. "Tres" Cleveland, III*

Ollie A. "Tres" Cleveland, III (*pro hac vice*)
**MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North
Suite 1700
Birmingham, Alabama 35203
(205) 254-1000
(205) 254-1999 (fax)
tcleveland@maynardcooper.com

*Attorney for Defendants*
*Education Corporation of America*
*and Virginia College, LLC*

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, this the 28th day of April 2021.

*/s/ Ollie A. "Tres" Cleveland, III*
Ollie A. "Tres" Cleveland, III

17

## <u>CERTIFICATE OF CONFERENCE</u>

Undersigned counsel for the ECA Defendants certifies, pursuant to Local Rule CV-7(i), that he has complied with the meet and confer requirement in Local Rule CV-7(h), that counsel for the parties discussed the Motion, that counsel for the ECA Defendants sought from Plaintiff the relief requested in the Motion, but which counsel for Plaintiff did not agree to. Counsel for the ECA Defendants and Plaintiff spoke on the phone about the Motion on April 27, 2021 and via email on April 28, 2021. Considering the dispositive nature of the Motion, the discussions have conclusively ended in impasse, leaving this issue for the Court to resolve.

*/s/ Ollie A. Cleveland, III*
Ollie A. Cleveland, III